PEITZMAN, WEG & KEMPINSKY LLP
David B. Shemano
Monsi Morales
Kathryn F. Russo
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 552-3100
Fax: (310) 552-3101

Proposed Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, | ) | Case No. 11-10891 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures II, LLC, | ) | Case No. 11-10892 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV 2, LLC, | ) | Case No. 11-10894 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV II Gym, LLC, | ) | Case No. 11-10893 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures III, L.L.C., | ) | Case No. 11-10896 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CV 3, LLC, | ) | Case No. 11-10895 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV III Gym, LLC, | ) | Case No. 11-10897 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures IV, LLC, | ) | Case No. 11-10900 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV 4 LEASING, LLC, | ) | Case No. 11-10898 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV IV Gym, LLC, | ) | Case No. 11-10899 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures VI, LLC, | ) | Case No. 11-10901 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV VI, LLC, | ) | Case No. 11-10902 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| CV VII GYM, LLC, | ) | Case No. 11-10903 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures VIII, LLC, | ) | Case No. 11-10905 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV VIII GYM, LLC, | ) | Case No. 11-10904 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures X, LLC, | ) | Case No. 11-10906 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV X GYM, LLC, | ) | Case No. 11-10907 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DB 85 GYM CORP., | ) | Case No. 11-10908 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Club Ventures Investments LLC ("**Club Ventures**") and certain of its

subsidiaries: Club Ventures II, LLC; CV 2, LLC; CV II Gym, LLC; Club Ventures III,

L.L.C.; CV 3, LLC; CV III Gym, LLC; Club Ventures IV, LLC; CV 4 LEASING, LLC;

CV IV Gym, LLC; Club Ventures VI, LLC; CV VI, LLC; CV VII GYM, LLC; Club Ventures VIII, LLC; CV VIII GYM, LLC; Club Ventures X, LLC; CV X GYM, LLC; and DB 85 GYM CORP., as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move on an emergency basis for entry of an Order directing joint administration of the Debtors' voluntary chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only (the "**Motion**"). In support of this Motion, the Debtors separately filed the Declaration of Stephen Schwartz pursuant to Local Bankruptcy Rule 1007-2 (the "**Schwartz Declaration**").

## I.
## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter relates to the administration of the Debtors' Estates and, accordingly, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

## II.
## GENERAL BACKGROUND

2.      On the date hereof (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Club Ventures and its twenty-one (21) subsidiaries (the "**Subsidiaries**", together with Club Ventures, the "**Company**") are a premiere boutique gym company

operating stylish, upscale fitness clubs in four metropolitan areas in the United States. The Company primarily targets individuals in the 18-40 year age range. As of the Petition Date, the Company operated six fitness clubs in the following locations: (a) three fitness clubs in New York, New York; (b) one fitness club in Chicago, Illinois; (c) one fitness club in Miami Beach, Florida; and (d) one fitness club in Bellevue, Washington. Collectively, the clubs serve approximately 13,500 members (the "**Club Members**").

4.      The majority of the Company's revenues derive from the commercial operation of the fitness centers. The Company's model is differentiated from other commercial fitness centers by its focus on personal training. As a result, the revenue collected per member is higher, on average, than competing fitness centers.

5.      From 2005 through 2009, the Company embarked on an ambitious expansion plan. During that period, the Company signed seven new real estate leases representing an additional 198,000 square feet of space, and opened six new fitness centers. While the Company was able to raise capital to fund the expansion, by 2008 the Company was incurring substantial losses from operations and generating negative cash flow. Various efforts to reverse the operating losses were unsuccessful. Consequently, in the fourth quarter of 2010, the Company determined to implement a significant change to its business plan. The Company replaced certain senior management and prepared a comprehensive plan to implement a restructuring of the Company. The comprehensive plan contemplates a financial restructuring of the balance sheet, an operational restructuring of the Company's fitness centers, as well as significant reductions in certain corporate costs. The Company also has begun introducing new initiatives to enhance revenue and cash flow. After careful analysis, taking into consideration the existence of pending litigation, the need to modify and/or terminate existing leases, and the need to convert certain existing debt into equity, the Company concluded that its restructuring plan should be implemented through a chapter 11 proceeding

## III.

## FACTS SPECIFIC TO THIS MOTION

6.      Club Ventures owns 100% of the membership or shareholder interests in, and is the managing member and operating company for all of the Subsidiaries.

7.      While the Debtors will continue to operate as separate and distinct entities during the pendency of the Chapter 11 Cases, the Debtors share many common creditors and business relationships, such as contractual relationships, with third parties.

8.      The Debtors do not propose to take any action that would constitute substantive consolidation of their Estates, but rather seek entry of an order directing joint administration of their Chapter 11 Cases for procedural purposes only.  The Debtors believe that entry of an order directing joint administration of the Chapter 11 Cases substantially will reduce the administrative costs of the Chapter 11 Cases, ease the administrative burden on the Court and the parties, simplify the United States Trustee for the Southern District of New York's (the "**U.S. Trustee**") supervision of the administrative aspects of these cases and have no adverse affect on creditors because it requests only administrative, and not substantive, consolidation of the Estates.  Accordingly, the Debtors believe joint administration is in the best interest of the Estates.

## IV.

## THE DEBTORS' CHAPTER 11 CASES SHOULD BE JOINTLY ADMINISTERED UNDER FRBP 1015(b)

9.      Bankruptcy Rule 1015(b) empowers this Court to order the joint administration of two or more cases under the Bankruptcy Code under specified circumstances.  Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f… two or more petitions are pending in the same court by or against… a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).

10.     Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

11 U.S.C. § 101(2). Club Ventures owns 100% of the membership or equity interests in the Subsidiaries, and therefore the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, Bankruptcy Rule 1015(b)(4) authorizes the joint administration of the Debtors' Chapter 11 Cases.

11.     The Debtors' Chapter 11 Cases should be administered jointly. As set forth above, Club Ventures is the managing member and the operating company for the wholly-owned Subsidiaries. Because of the nature of the Debtors' business, they share many common creditors. Under these circumstances, joint administration will simplify and substantially reduce the costs of administering the Chapter 11 Cases by, among other things, obviating the need for duplication of service of notices, applications and orders. If the Debtors' Chapter 11 Cases are not jointly administered, thereby allowing pleadings and other papers filed in their cases to be maintained on a single common docket, the Debtors frequently will have to prepare and send multiple versions of the same notices and pleadings to their common creditors, which will impose unnecessary administrative burdens and expenses on the Debtors and their Estates.

12.     In addition, if the Chapter 11 Cases are not jointly administered, the burden would not be borne only by the Estates, but also by the Debtors' creditors and other parties in interest. The Debtors have many common creditors and business relationships, such as contractual relationships, with third parties. Absent joint administration, those creditors and interested parties would receive multiple versions of the same notices and pleadings, and would have to sort through and keep track of each

document to ensure that any differences between seemingly identical documents, if any, could be distinguished, and to be sure that they were receiving notice of all relevant matters. In addition, even creditors who believe that they hold a claim against only one of the Debtors in one case might want to keep track of developments in the other cases to protect their interests. This would be exceedingly difficult, however, if the Debtors and other parties filed separate papers in these Chapter 11 Cases and the creditors had to monitor the events and pleadings on the docket for each of the eighteen cases.

13. The rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of these Chapter 11 Cases. Each creditor may still file its claim against the particular Estate that allegedly owes it money. The Debtors will continue to operate, as they have in the past, as separate and distinct entities during the pendency of their Chapter 11 Cases. The Debtors do not propose at this point to take any action that would constitute substantive consolidation of their Estates, but are merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their Chapter 11 Cases.

14. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the U.S. Trustee will be simplified.

15. Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and all parties-in-interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, <u>et</u> <u>al</u>., | ) | Case No. 11-10891 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

16.     The Debtors also seek the Court's direction that a notation substantially
similar to the following notation be entered on the docket of each of the Debtors to reflect
the joint administration of these Chapter 11 Cases:

> An Order has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases commenced
> by Club Ventures Investments LLC; Club Ventures II, LLC; CV 2, LLC;
> CV II Gym, LLC; Club Ventures III, L.L.C.; CV 3, LLC; CV III Gym,
> LLC; Club Ventures IV, LLC; CV 4 LEASING, LLC; CV IV Gym, LLC;
> Club Ventures VI, LLC; CV VI, LLC; CV VII GYM, LLC; Club Ventures
> VIII, LLC; CV VIII GYM, LLC; Club Ventures X, LLC; CV X GYM,
> LLC; DB 85 GYM CORP.  The docket in Case No. 11-10891 should be
> consulted for all matters affecting the above listed cases.

17.     The Debtors also seek authority to file monthly operating reports required
by the Operating Guidelines and Financial Reporting Requirements promulgated by the
U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the
U.S. Trustee, that consolidated reports would further administrative economy and
efficiency without prejudice to any party in interest and would accurately reflect the
Debtors' consolidated business operations and financial affairs.

## V.

## <u>NOTICE</u>

18.     No trustee, examiner or creditors' committee has been appointed in the
Chapter 11 Cases.  The Debtors have provided notice of this Motion to: (a) the Office of

the United States Trustee for the Southern District of New York, (b) the Debtors' secured creditors, and (c) the holders of the thirty (30) largest unsecured claims.

19.     No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order substantially in the form attached hereto as Exhibit A: (a) directing joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; and (b) granting the Debtors such other and further relief as is just.

Dated: Los Angeles, California
      March 2, 2011

**PEITZMAN, WEG & KEMPINSKY LLP**

By:/s/   David B. Shemano_____
      David B. Shemano
      Monsi Morales
      Kathryn F. Russo
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  (310) 552-3100

Proposed Counsel for Debtors and Debtors-in-Possession

# EXHIBIT A

PEITZMAN, WEG & KEMPINSKY LLP
David B. Shemano
Monsi Morales
Kathryn F. Russo
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  (310) 552-3100
Fax:  (310) 552-3101

Proposed Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, | ) | Case No. 11-10891 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures II, LLC, | ) | Case No. 11-10892 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV 2, LLC, | ) | Case No. 11-10894 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV II Gym, LLC, | ) | Case No. 11-10893 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures III, L.L.C., | ) | Case No. 11-10896 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| CV 3, LLC, | ) | Case No. 11-10895 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV III Gym, LLC, | ) | Case No. 11-10897 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures IV, LLC, | ) | Case No. 11-10900 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV 4 LEASING, LLC, | ) | Case No. 11-10898 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV IV Gym, LLC, | ) | Case No. 11-10899 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures VI, LLC, | ) | Case No. 11-10901 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV VI, LLC, | ) | Case No. 11-10902 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CV VII GYM, LLC, | ) | Case No. 11-10903 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures VIII, LLC, | ) | Case No. 11-10905 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV VIII GYM, LLC, | ) | Case No. 11-10904 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Club Ventures X, LLC, | ) | Case No. 11-10906 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CV X GYM, LLC, | ) | Case No. 11-10907 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DB 85 GYM CORP., | ) | Case No. 11-10908 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER PURSUANT TO RULE 1015(b) OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion of Club Ventures Investments LLC and certain of its

subsidiaries, as debtors and debtors-in-possession (collectively, the "**Debtors**") for an

order directing joint administration of the Debtors' Chapter 11 Cases (the "**Motion**")[1]; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their Estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED THAT:**

A.      The Motion is granted as set forth herein.

B.      The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

C.      A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by Club Ventures Investments LLC; Club Ventures II, LLC; CV 2, LLC; CV II Gym, LLC; Club Ventures III, L.L.C.; CV 3, LLC; CV III Gym, LLC; Club Ventures IV, LLC; CV 4 LEASING, LLC; CV IV Gym, LLC;

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

Club Ventures VI, LLC; CV VI, LLC; CV VII GYM, LLC; Club Ventures VIII, LLC; CV VIII GYM, LLC; Club Ventures X, LLC; CV X GYM, LLC; DB 85 GYM CORP. The docket in Case No. 11-10891 should be consulted for all matters affecting the above listed cases.

D.      The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, <u>et</u> <u>al</u>., | ) | Case No. 11-10891 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

E.      The Debtors are authorized to file monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

F.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 Cases.

G.      This Order shall be effective immediately upon its entry.

Dated: New York, New York
       March ___, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

15