# EXHIBIT A

# DECLARATION OF DAVID B. SHEMANO

I, David B. Shemano, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York, and duly admitted to practice before the United States Bankruptcy Court for the Southern District of New York and am a Partner in the law firm of Peitzman, Weg & Kempinsky LLP ("**PWK**"). Each fact contained in this declaration is based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

2. I make this declaration in support of the Debtors' Application For Order Authorizing Debtors To Employ Peitzman, Weg & Kempinsky LLP As Bankruptcy Counsel Pursuant To 11 U.S.C. § 327(a) As Of The Petition Date (the "**Application**"). PWK has been requested to serve as bankruptcy counsel to Club Ventures Investments LLC and certain of its subsidiaries (collectively, the "**Debtors**"), in the Debtors' jointly-administered bankruptcy cases, on the terms described in the Application.

3. PWK has attorneys who practice in the areas of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtors. All attorneys comprising or associated with PWK who will render services in these cases are duly admitted to practice law in the courts of the State of New York and the United States District Court for the Southern District of New York, or have been admitted to practice before the Court *pro hac vice*. A summary of the experience and qualifications of those members of PWK expected to render services to Debtors is attached hereto as Exhibit 1.

4. A summary of the customary hourly rates for those members of PWK expected to render services to the Debtors is attached hereto as Exhibit 2. The customary hourly rates may be adjusted periodically to reflect the advancing experience, capabilities and seniority of professionals, as well as general economic factors. As of the Petition Date, PWK's customary hourly rates ranged from $595 to

*529402.5*

$725 for partners and of counsel attorneys, $250 to $495 for associates, and $195 for paralegals.

5. That certain Engagement Letter, dated January 10, 2011 (the "**Engagement Letter**"), attached to the Shemano Declaration as Exhibit 3, governs the Debtors' employment of PWK. Prior to the Petition Date, PWK incurred fees and expenses on behalf of the Debtors, in the amount of $75,000, and received payment from the Debtors in the amount of $75,000. PWK does not hold any retainer as of the Petition Date.

6. During the Debtors' jointly administered cases, because PWK will be providing services on behalf of the Debtor entities collectively, PWK will maintain consolidated time records reflecting work performed on behalf of all Debtors and each Debtor shall be jointly and severally liable for all fees and expenses incurred by PWK.

7. A complete disclosure of PWK's compensation arrangement with the Debtors is contained in the Engagement Letter.

8. To the best of my knowledge, after conducting an investigation of potential conflicts of interest arising from PWK's representation of the Debtors, except as may be set forth in the Application or herein, PWK and the attorneys comprising or employed by it do not hold or represent an interest adverse to the estates and do not have any connection with the Debtors, the creditors, or any other party in interest in these cases, or their respective attorneys or accountants. PWK's investigation included searching in PWK's computerized conflict database for the names of the Debtors' (a) officers, (b) managers, (c) secured creditors, (d) landlords and (e) 20-largest creditors on the Debtors' accounts payable listing, and reviewing the results of the search to ensure no actual or potential conflicts existed.

9. Pursuant to a pre-petition management agreement, Meridian Sports Club California, LLC ("Meridian"), through its principal Charles Grieve, serves as the manager of the Debtors' operating entities with authority over all aspects of day-to-day

operations. PWK represented Meridian (or an affiliate) as a purchaser of assets in the bankruptcy case of *In re Bodies In Motion, Inc.*, Case No. SV 06-10931-GM (C.D. Cal.). The engagement concluded in 2009, is the sole representation of Meridian by PWK, and is unrelated to the Debtor. No fees were received by PWK from Meridian in 2010, and no fees are currently owed by Meridian to PWK. Other than Meridian, PWK has not represented and does not represent, to the best of its knowledge, creditors of the Debtors or parties in interest. In matters unrelated to the Debtors' bankruptcy cases, PWK or members of PWK may (in the past, currently or in the future): (i) serve as co-counsel or otherwise work with one or more of the professionals employed by the estates or other parties in interest, or (ii) socialize with one or more of the parties in interest and/or their professionals. PWK does not believe its relationships, as described above, constitute an actual or potential conflict.

10. PWK will supplement this disclosure and advise the Court if it becomes aware that any potential conflict has become actual or is likely to become actual.

11. PWK also makes the following disclosures:

(a) PWK is not a creditor, an equity security holder, or an insider of the Debtors;

(b) PWK is not and was not an investment banker for any outstanding security of the Debtors;

(c) PWK has not been within three (3) years before the date of the filing of the petitions, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors;

(d) PWK is not and was not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors;

(e) PWK does not have an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and

  (f) No member of PWK is a relative or employee of the United States Trustee or a bankruptcy judge.

  12. PWK will seek interim compensation during the administration of the cases, and final compensation at the conclusion of the cases pursuant to sections 330 and 331 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-1. There is no agreement or understanding between PWK and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases, except among members, counsel, and associates of PWK.

  13. This Application has been served on the (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtors' secured creditors, (c) the holders of the thirty (30) largest unsecured claims, and (d) parties that have requested special notice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of April, 2011 in Los Angeles, California.

             /s/ David B. Shemano
                David B. Shemano