# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: )
 )  Chapter 11
CLUB VENTURES INVESTMENTS LLC, et al., )
 )  Case No. 11-10891 (ALG)
 Debtors. )
 )  Jointly Administered
 )

## DECLARATION OF JONATHAN L. FLAXER

JONATHAN L. FLAXER, pursuant to 28 U.S.C. § 1746, hereby deposes and says:

1. I am a member of the firm of Golenbock Eiseman Assor Bell & Peskoe LLP (the "Firm"), which maintains its office for the practice of law at 437 Madison Avenue, New York, New York 10022.

2. The Firm has been requested to serve as co-counsel to the above captioned debtors and debtors in possession (the "Debtors"). The Firm possesses the requisite experience and expertise in the areas necessary to serve as the Debtors' co-counsel in the matters in which it is to be retained.

3. The undersigned is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

4. The undersigned has read and is generally familiar with the Bankruptcy Code together with current amendments, the Bankruptcy Rules, and the Local Rules of this Court.

5. The undersigned is competent to represent the interests of the Debtors in all proceedings now pending or which may reasonably be expected.

6. In order to ascertain the identities of parties in interest, I have reviewed the following documents: (a) the Debtors' voluntary petitions, and (b) the Declaration of Stephen

Schwartz, Chief Financial Officer of the Club Ventures Investments LLC Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Motions, including all exhibits thereto.

7. Based upon the foregoing review, I sent a standard conflict of interest memorandum (*via* email, with a paper copy by inter-office mail) to all attorneys at the Firm and to the Firm's records department. No relationships with any parties in interest were identified other than Van Wagner Communications LLC ("Van Wagner"), which is a general unsecured creditor of the Debtors in the amount of $22,000. The firm represents Van Wagner in connection with matters wholly unrelated to the Debtors. Fees paid to the Firm from Van Wagner represented well less than 1% of the Firm's annual revenue for 2010, and Van Wagner has advised GEABP that it consents to GEABP serving as co-counsel to the Debtors.

8. To the best of my knowledge, neither I, the Firm nor any employee of the Firm has (a) any relationship to these chapter 11 cases, (b) any business association with these chapter 11 cases, or (c) any relevant relationship to any attorney, creditor or any other party in these chapter 11 cases, other than as set forth above.

9. No agreement or understanding exists between the Firm and any other person for a division of compensation to be received for services rendered in, or in connection with, the within chapter 11 cases, nor shall the Firm share or agree to share the compensation paid or allowed from the Debtors' estate for such services with any other person.

10. The Debtors seek Court approval, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain the Firm as co-counsel. As co-counsel, GEABP will render such professional services as the Debtors may request, in support of the services to be rendered by PWK, including: (i) preparing or reviewing on behalf of the Debtors, as debtors in possession, such necessary motions, applications, answers, orders, reports, and

other papers in connection with the administration of the Debtors' estates; (ii) taking such action as may be necessary to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, and the preparation of objections to claims filed against the Debtors' estates; (iii) taking necessary action in connection with a chapter 11 plan and related disclosure statement(s); and (iv) performing such additional necessary legal services as may be required by the Debtors in connection with these Chapter 11 Cases.

11. The Debtor seeks to retain the Firm as co-counsel *nunc pro tunc* to March 11, 2011.

12. At present, the range of hourly rates for the attorneys and paralegals expected to perform the services described herein are $225 to $630 per hour for attorneys, and $120 to $155 for paralegals. Those rates are adjusted from time to time. The Firm will bill the Debtors for the services described herein on an hourly basis, and for reimbursement for reasonable expenses incurred in connection with performing services, such as copying charges, travel charges, and long distance telephone charges, in accordance with the Local Bankruptcy Rules and applicable guidelines issued by the United States Trustee. I understand that said charges will be subject to the review and approval of the Court upon proper application.

13. Based on the foregoing, I believe that the Firm is a "disinterested person" within the meaning of Bankruptcy Code §§ 101(14) and 327(a).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 11, 2011

/s/ Jonathan L. Flaxer
Jonathan L. Flaxer, Esq.