KLESTADT & WINTERS, LLP
Tracy L. Klestadt
570 Seventh Avenue, 17th Floor
New York, NY 10018
(212) 972-3000
*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT　　　　　Presentment Date:
SOUTHERN DISTRICT OF NEW YORK　　　　　　May 2, 2011
------------------------------------------------------------ x
　　　　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　　:
CLUB VENTURES INVESTMENTS LLC, et al.,　:　Case No. 11-10891 (ALG)
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　(Jointly Administered)
　　　　　　　　　　　Debtors.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------ x

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF CLUB VENTURES INVESTMENTS LLC, ET AL.,
FOR ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014
AND S.D.N.Y. LBR 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISOR AS OF MARCH 30, 2011**

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

　　　　　The Official Committee of Unsecured Creditors (the "Committee") of Club

Ventures Investments LLC and its affiliated debtors and debtors in possession (collectively, the

"Debtors")[1] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby applies

(the "Application") the Court for entry of an order, pursuant to sections 328(a) and 1103 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

1

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisor to the Committee effective as of March 30, 2011. The facts and circumstances supporting this Application are set forth in the Affidavit of Conor Tully, Senior Managing Director with FTI, attached hereto as Exhibit A (the "Tully Affidavit").

**Background**

1. On March 2, 2011 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. This Court has ordered joint administration of the Chapter 11 Cases.

2. On March 18, 2011 (the "Formation Meeting"), the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee consisting of: (a) The Bravern, LLC; (b) RCK, LLC d/b/a Good Air Commercial & Service Division; and (c) Polar Air Conditioning, Inc.

3. On March 23, 2011 the Committee selected Kledstadt & Winters LLP as its counsel. On March 30, 2011, the Committee selected FTI as its financial advisors.

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code.

**Relief Requested**

5. By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in the Chapter 11 Cases, effective as of March 30, 2011.

6. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

7. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

**Scope of Services**

8. FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of the Chapter 11 Cases, including but not limited to the following:

- Assessment of the Plan Support Agreement, restructuring plan and other strategic alternatives;
- Performing an initial review and assessment of the company's current business plan;
- Review of the current cash, liquidity position and 13-week cash flow projections;
- Development of buyers list and monitoring of sale process (if necessary);

- Preliminary review of potential causes of action and support of counsel in investigation of historical debt levels and insider transactions;

- Valuation review and analyses;

- Advocacy on behalf of the Committee in reorganization negotiations and discussions;

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in the Chapter 11 Cases.

**Disclosure Concerning Conflicts of Interest**

9. To the best of the Committee's knowledge, information, and belief, other than as set forth or in the Tully Affidavit, FTI has not represented and has no relationship with: (i) the Debtors, (ii) their respective creditors or equity security holders, (iii) any other parties-in-interest in the Chapter 11 Cases, (iv) the respective attorneys and accountants of any of the foregoing, or (v) the United States Trustee or any other person employed in the Office of the United States Trustee.

10. FTI will not represent clients in respect of transactions involving the Debtors, or affiliated with the Debtors, if any such representation will be materially adverse to the interests of the Debtors.

11. FTI is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code.2  The Tully Affidavit, executed on behalf of FTI in accordance with section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, is filed contemporaneously herewith and incorporated herein by reference.  The Committee's knowledge, information, and belief

---

2   Section 328(c) of the Bankruptcy Code allows a Court to deny allowance of compensation to a person employed under Section 1103 if such person is not "disinterested" at any time during such employment. Section 1103, however, does not contain the "disinterested person" requirement.

regarding the matters set forth in this Application are based, and made in reliance, upon the Tully Affidavit. The Committee believes that the employment of FTI would be in the best interests of the Committee, the Debtors and their estates and creditors.

12. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

## Consideration to FTI

13. FTI is not owed any amounts with respect to pre-petition fees and expenses.

14. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

15. Subject to Court approval and in accordance with Bankruptcy Code section 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines and local rules, FTI will seek payment for compensation on a fixed monthly basis of $25,000 per month ("Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred for FTI's defense of its retention application and fee applications submitted in this matter, subject to Court approval.

16. On a monthly basis, FTI will provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an explanation of the type of work performed.

5

17. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Chapter 11 Cases.

**Indemnification**

18. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI

before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## Notice

19. Notice of this Application has been provided to the following parties or their legal counsel (if known): (a) the Debtors; (b) the U.S. Trustee; and (c) all parties filing a notice of appearance herein. In light of the relief requested, the Committee submits that no other or further notice need be provided.

## No Prior Request

20. Pursuant to Local Rule 9013-1, because there are no novel issues of law presented herein, the Committee respectfully reserves the right to file a brief in reply to any objection to this Application.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B: (i) authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, effective as of March 30, 2011; and (ii) and grant such further relief as is appropriate.

Dated: New York, NY
      April 15, 2011

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CLUB VENTURES INVESTMENTS LLC, et al.**

By: /s/ Thomas Woodworth
    Thomas Woodworth
    The Bravern, LLC
    Chairperson of the Official Committee
    Of Unsecured Creditors for Club
    Ventures Investments LLC, et al.