Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Proposed Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CLUB VENTURES INVESTMENTS LLC,[1] ) | Case No. 11-10891 (ALG) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

## DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

The above captioned debtor (the "Debtor"), hereby submits its Statement of

Financial Affairs (the "SOFA"). The Debtor and its affiliates form a premiere boutique

gym company operating stylish, upscale fitness clubs in four metropolitan areas in the

United States under the name DavidBartonGym.  The Debtor's business is managed by its

Chief Executive Officer, David Barton, and its Chief Financial Officer, Stephen Schwartz,

who are responsible for maintaining the Debtor's books and records. Based on the

information available to these executives, the Debtor has attempted to provide complete

and accurate information, but no assurance can be made that the information is complete

and accurate, as the books and records of the Debtor have not been audited or verified. The

---

[1] The following cases are jointly administered: 11-10891; 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Debtor is, however, continuing to review and update the books and records and other financial information, and the information provided in the SOFA, and the attached exhibits, may need to be augmented or corrected in the future. Nothing contained in or omitted from the SOFA and attached exhibits constitutes or should be deemed an admission by the Debtor, and the Debtor reserves the right to amend the SOFA and attached exhibits periodically to the extent necessary to reflect new or additional information.

Any failure to designate a claim or lien listed on the SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or lien is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets or defenses to, (i) any claim reflected on the SOFA as to amount, liability, priority, or classification, or (ii) any lien reflected on the SOFA as to validity, priority, or extent, or to otherwise subsequently designate any claim or lien as "disputed," "contingent," or "unliquidated." Similarly, the designation of a contract or lease as "executory" does not constitute an admission by the Debtor that such contract or lease exists or is in fact "executory," and the Debtor reserves the right to dispute that such contract or lease exists or is in fact "executory."

Dated: Los Angeles, California
          April 21, 2011

**PEITZMAN, WEG & KEMPINSKY LLP**

By:/s/  David B. Shemano_____
          David B. Shemano
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

          and

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

Proposed Counsel for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: Club Ventures Investments LLC _____,     Case No. 11-10891 _____

_____Debtor_____                                                   (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1.  **Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

Note: Payables funded from operating entities via bank sweep

**2.    Income other than from employment or operation of business**

None

☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                              SOURCE

---

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR       DATES OF           AMOUNT           AMOUNT
                                   PAYMENTS           PAID             STILL OWING

None

☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** *immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850[*]. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.* (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR                DATES OF          AMOUNT          AMOUNT
                                            PAYMENTS/         PAID OR         STILL
                                            TRANSFERS         VALUE OF        OWING
See Exhibit 3b                                                TRANSFERS

---

[*]*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None

☐     c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See attached Exhibit 3c

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None

☐     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Mark Berkowitz v. Club Ventures Investments LLC d/b/a/ David Barton Gym, David Barton and John Howard Case Number: 602824/07 | Employment Contract Claim | Supreme Court of the State of New York County of New York | Pending Date Filed: November 30, 2007 |

None

☑     b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None

 List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 6.  Assignments and receiverships

None 
a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | | |

None 
b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|
| | | | |

### 7.  Gifts

None 
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

### 8.  Losses

None
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY  INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Peitzman, Weg & Kempinsky LLP 2029 Century Park East, Suite 3100 Los Angeles, CA 90067 | 1/27/2011 | $75,000 - Total amount received on behalf of 18 affiliated debtors |

**10. Other transfers**

None


a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None


b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None


List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None


If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None

☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☑ a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☑ b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☑ c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None

☐ a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

See Exhibit 18a

None
☑ b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None
☐ a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

See attached Exhibit 19a

None
☐ b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|
| CBIZ Mahoney Cohen | 1065 Avenue of the Americas New York, NY 10018 | 2006-Present |

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Stephen Schwartz | 50 West 23rd Street, 5th Floor |
| Brian Reeves | New York, NY 10010 |
| Jessica Cohen | |

None ☑   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS               DATE ISSUED

---

**20. Inventories**

None ☑   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------|

None ☑   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS      NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------|

See Exhibit 21b

---

**22 . Former partners, officers, directors and shareholders**

None
☐

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                                ADDRESS                        DATE OF WITHDRAWAL

None
☐

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Elan Ben-Avi<br>500 E. 77th St #1615,<br>New York, NY 10162 | ex-COO | 12/31/2010 |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION<br>AND VALUE OF PROPERTY |
|---|---|---|
| See Exhibit 23 | | |

**24.  Tax Consolidation Group.**

None
☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Club Ventures Investments LLC | 20-1250014 |

**25.  Pension Funds.**

None
☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND            TAXPAYER-IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| | | | |
|---|---|---|---|
| Date | _____ | Signature of Debtor | _____ |
| Date | _____ | Signature of Joint Debtor (if any) | _____ |

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| | | | |
|---|---|---|---|
| Date | 4/21/2011 | Signature | |
| | | Print Name and Title | Stephen Schwartz, CFO |

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_6_ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

| | |
|---|---|
| _____ | _____ |
| Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer | Social-Security No. (Required by 11 U.S.C. § 110.) |

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

| | |
|---|---|
| _____ | _____ |
| Signature of Bankruptcy Petition Preparer | Date |

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

**Club Ventures Investments LLC**

**Case Number 11-10891**

**Exhibit 3b Payments to Creditors**

| Date | Trans Desc | Withdrawal Amt |
|------|-----------|---------------:|
| 12/1/10 | Bank of America | 20,374.40 |
| 12/28/10 | Bank of America | 9,750.00 |
| 12/31/10 | Bank of America | 20,427.77 |
| 1/27/11 | Bank of America | 10,075.00 |
| 2/1/11 | Bank of America | 15,104.24 |
| 2/28/11 | Bank of America | 10,075.00 |
| 3/1/11 | Bank of America | 13,229.46 |
| | **Bank of America Total** | **99,035.87** |
| 3/1/11 | Meridian Sports Clubs Californ | 50,000.00 |
| | **Meridian Sports Clubs Californ Total** | **50,000.00** |
| 1/27/11 | Peitzman Weg & Kempinsky, LLP | 75,000.00 |
| | **Peitzman Weg & Kempinsky, LLP Total** | **75,000.00** |
| 12/31/10 | Praesidian Interest | 10,305.39 |
| | **Praesidian Interest Total** | **10,305.39** |
| 3/1/11 | Shadow Public Relations | 25,000.00 |
| | **Shadow Public Relations Total** | **25,000.00** |
| 12/31/10 | SPV1&2 | 12,783.27 |
| | **SPV1&2 Total** | **12,783.27** |
| 2/22/11 | The Abernathy MacGregor Group | 5,000.00 |
| 2/28/11 | The Abernathy MacGregor Group | 15,000.00 |
| | **The Abernathy MacGregor Group Total** | **20,000.00** |

Note: Frequent bank sweeps between Debtor and Club Ventures Investments LLC made in the ordinary course pursuant to the company's cash management system are not included, but can be provided upon request.

**Club Ventures Investments LLC**
**Case Number 11-10891**
**SOFA Exhibit 3c - Payments to creditors.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.**

| Payee | Date | Trans Description | Payment Amount |
|---|---|---|---|
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $38,928.00 |
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $7,216.00 |
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $47,944.00 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $39,252.38 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $7,276.26 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $48,376.63 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $12,202.00 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $1,834.00 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $9,895.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $9,953.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $12,273.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $1,845.00 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $10,010.65 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $12,344.85 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $1,855.69 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $10,069.04 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $1,866.51 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $12,416.86 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $10,127.78 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $12,489.30 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $1,877.40 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $10,186.86 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $12,562.15 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $1,888.35 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $10,226.14 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $1,899.37 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $12,635.43 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $10,265.65 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $12,709.14 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $1,910.45 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $10,305.39 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $12,783.27 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $1,921.59 |
| **Total Praesidian Capital Partners, LLC** | | | **$409,347.14** |
| Meridian Sports Clubs Californ | 3/1/11 | | 50,000.00 |
| **Total Meridian Sports Clubs Californ Total** | | | **50,000.00** |
| SPV1&2 | 12/31/10 | | 12,783.27 |
| **SPV1&2 Total** | | | **12,783.27** |

Note: Frequent bank sweeps between Debtor and Club Ventures Investments LLC made in the ordinary course pursuant to the company's cash management system are not included, but can be provided upon request.

**Club Ventures Investments LLC**
**Case Number 11-10891**
**SOFA Exhibit 18a - Nature, Name and location of business.**

| NAME | EIN # | ADDRESS | NATURE OF BUSINESS | BEGINNING/ ENDING DATES |
|---|---|---|---|---|
| Club Ventures II, LLC | 41-2111953 | 215 W. 23rd St., New York, NY 10011 | 23rd St. Landlord Leaseholder | 9/23/2003-Present |
| CV 2, LLC | 20-0938966 | 215 W. 23rd St., New York, NY 10011 | 23rd St. Leased Assets | 3/31/2004-Present |
| CV II Gym, LLC | 20-0939009 | 215 W. 23rd St., New York, NY 10011 | 23rd St. Operating Company | 3/31/2004-Present |
| Club Ventures III, LLC | 14-1885054 | 600 W. Chicago Ave., Chicago, IL 60610 | Chicago Landlord Leaseholder | 5/27/2003-Present |
| CV 3, LLC | 20-0939057 | 600 W. Chicago Ave., Chicago, IL 60610 | Chicago Leased Assets | 3/31/2004-Present |
| CV III Gym, LLC | 20-0939072 | 600 W. Chicago Ave., Chicago, IL 60610 | Chicago Operating Company | 3/31/2004-Present |
| Club Ventures IV, LLC | 20-4104475 | 2301-2399 Collins Ave., Miami Beach, FL 33139 | Gansevoort Leasehold Company | 10/28/2005-Present |
| CV 4 Leasing, LLC | 20-5993565 | 50 W. 23rd St, 5th Fl., New York, NY 1001C | Leasing Company | 11/29/2006-Present |
| CV IV Gym, LLC | 20-5652762 | 2301-2399 Collins Ave., Miami Beach, FL 33139 | Gansevoort Operating Company | 9/22/2006-Present |
| Club Ventures V, LLC | 20-5688847 | 50 W. 23rd St, 5th Fl., New York, NY 1001C | Leasehold Company | 7/6/2006-Present |
| Club Ventures VI, LLC | 20-5824324 | 50 W. 23rd St, 5th Fl., New York, NY 1001C | Corporate Office Leasehold Company | 10/25/2006-Present |
| CV VI, LLC | 20-8117541 | 50 W. 23rd St, 5th Fl., New York, NY 1001C | Corporate Operations | 12/26/2006-Present |
| CV VII GYM, LLC | 20-5824324 | 50 W. 23rd St, 5th Fl., New York, NY 1001C | Corporate Operations | 11/21/2006-Present |
| Club Ventures VIII, LLC | 26-0460990 | 4-20 Astor Place, New York, NY 10003 | Astor Place Landlord Leaseholder | 6/29/2007-Present |
| CV VIII Gym, LLC | 26-3066222 | 4-20 Astor Place, New York, NY 10003 | Astor Place Operating Company | 7/22/2008-Present |
| Club Ventures IX, LLC | 20-8739018 | 1510 Bay Road, 8th Fl., Miami Beach, CL 33139 | Flamingo Club Operator | 3/29/2007-Present |
| Club Ventures X, LLC | 26-0437628 | 11111 NE 8th St., Bellevue, WA 98045 | Bellevue Landlord Leaseholder | 6/18/2007-Present |
| CV X Gym, LLC | 26-3066307 | 11111 NE 8th St., Bellevue, WA 98045 | Bellevue Operating Company | 7/22/2008-Present |
| Club Ventures XI, LLC | 26-0900113 | Wells & Roosevelt Road, Chicago IL | Leasehold Company | 8/28/2007- Present |
| Club Ventures XII, LLC | 26-1348759 | Queensbridge Sumerlin, Nevada | Leasehold Company | 10/1/2007-Present |
| DB 85 Gym Corp. | 13-3793182 | 30 E. 85th St., New York, NY 10028 | 85th St. Operating Company | 10/7/1994-Present |

**Club Ventures Investments LLC**
**Case Number 11-10891**

**SOFA Exhibit 19a - Books, records and financial statements. a. List all bookkeepers and accountants**
**who within two years immediately preceding the filing of this**
**bankruptcy case kept or supervised the keeping of books of account and records of the debtor.**

| NAME | ADDRESS | DATES OF SERVICES RENDERED |
|------|---------|---------------------------|
| Craig Harrington | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 5/6/2002 – 3/5/2010 |
| Terri Tsang | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 5/19/2003 – 11/20/2009 |
| Nathan Farkas | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 1/11/2010 – 8/26/2010 |
| Brian Reeves | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 1/5/2009 -Present |
| Stephen Schwartz | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 3/4/2009 - Present |
| Jessica Cohen | 50 West 23rd Street, 5th Fl, New York, NY 10010 | 1/25/2010 - Present |

**Club Ventures Investments LLC**
**Case Number 11-10891**

**SOFA Exhibit 21b - Current Partners, Officers, Directors and Shareholders.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME | ADDRESS | TITLE | NATURE & PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| LBN Holding LLC | 277 Park Ave., 39th Fl, New York, NY 10072 | Equityholder, Manager | Common units, Preferred series B, Class A Membership Units of 1.1206 & 51% Company ownership |
| Praesidian Capital | 419 Park Ave S., 8th Fl, New York, NY 10016 | Equityholder | Preferred Series A, Class A Membership Units of 1.2370, 6.07659, & 0.2391 |
| David Barton | 163 W. 22nd St, #1, New York, NY 10010 | Equityholder, CEO, Manager | Class A Membership Units and 49% Company ownership |
| Jason Drattell | 419 Park Avenue South, New York, NY 10016 | Manager | |
| Stephen Schwartz | 50 West 23rd Street, 5th Floor, New York, NY 10010 | CFO | |
| Charles Grieve | 1001 4th Street, San Rafael, CA 94901 | Chairman, Manager | |

**Club Ventures Investments LLC**
**Case Number 11-10891**
**SOFA Exhibit 23 - Withdrawals from a partnership or distributions by a corporation**

| Payee | Date | Trans Description | Payment Amount |
|---|---|---|---|
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $38,928.00 |
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $7,216.00 |
| Praesidian Capital Partners, LLC | 3/1/10 | Interest | $47,944.00 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $39,252.38 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $7,276.26 |
| Praesidian Capital Partners, LLC | 3/31/10 | Interest | $48,376.63 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $12,202.00 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $1,834.00 |
| Praesidian Capital Partners, LLC | 4/30/10 | Interest | $9,895.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $9,953.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $12,273.00 |
| Praesidian Capital Partners, LLC | 5/31/10 | Interest | $1,845.00 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $10,010.65 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $12,344.85 |
| Praesidian Capital Partners, LLC | 6/30/10 | Interest | $1,855.69 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $10,069.04 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $1,866.51 |
| Praesidian Capital Partners, LLC | 7/29/10 | Interest | $12,416.86 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $10,127.78 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $12,489.30 |
| Praesidian Capital Partners, LLC | 8/31/10 | Interest | $1,877.40 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $10,186.86 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $12,562.15 |
| Praesidian Capital Partners, LLC | 9/30/10 | Interest | $1,888.35 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $10,226.14 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $1,899.37 |
| Praesidian Capital Partners, LLC | 11/3/10 | Interest | $12,635.43 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $10,265.65 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $12,709.14 |
| Praesidian Capital Partners, LLC | 11/30/10 | Interest | $1,910.45 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $10,305.39 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $12,783.27 |
| Praesidian Capital Partners, LLC | 12/31/10 | Interest | $1,921.59 |
| | **Total Praesidian Capital Partners, LLC** | | **$409,347.14** |
| Meridian Sports Clubs Californ | 3/1/11 | | 50,000.00 |
| | **Total Meridian Sports Clubs Californ Total** | | **50,000.00** |
| SPV1&2 | 12/31/10 | | 12,783.27 |
| | **SPV1&2 Total** | | **12,783.27** |

Note: Frequent bank sweeps between Debtor and Club Ventures Investments LLC made in the ordinary course pursuant to the company's cash management system are not included, but can be provided upon request.

Exhibit 23
Page 1 of 1

# United States Bankruptcy Court

<u>Southern</u> **District Of** <u>New York</u>

**In re**

Club Ventures Investments LLC

Case No. <u>11-10891</u>

**Debtor**

Chapter <u>11</u>

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____-_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . $ 75,000*

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____-_____

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   \* Peitzman, Weg & Kempinsky LLP has accepted a retainer in the amount of $75,000 for services rendered for the above captioned Debtor, its parent company, and 17 of its subsidiaries, which are chapter 11 debtors  in separate case filed on 3/03/11.

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| April 21, 2011 | /s/ David B. Shemano |
|---|---|
| Date | Signature of Attorney |
| | Peitzman, Weg & Kempinsky LLP |
| | Name of law firm |