Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] ) | Case No. 11-10891 (ALG) |
| ) | |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

### DEBTORS' MOTION FOR AN ORDER EXTENDING DEBTORS' EXCLUSIVITY PERIOD FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION

Club Ventures Investments LLC ("**Club Ventures**") and certain of its subsidiaries, as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move for entry of an order (i) extending the Debtors' exclusive right to (a) file a plan of reorganization, and (b) gain acceptance of a plan of reorganization, to and including September 28, 2011 and November 28, 2011, respectively, and (ii) granting the Debtors

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

such other and further relief as is just. In support of this Motion, attached is the Declaration of Stephen Schwartz (the "**Schwartz Declaration**").

# I.
# JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtors' bankruptcy estates (the "**Estates**") and, accordingly, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1121 of title 11 of the United States Code (the "**Bankruptcy Code**").

# II.
# GENERAL BACKGROUND

2. On March 2, 2011 (the "**Petition Date**"), the Debtors commenced voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 4, 2011, the Court entered its Orders jointly administering the Debtors' Chapter 11 Cases. An official committee of unsecured creditors was appointed on March 18, 2011 (the "**Creditors' Committee**").

3. Club Ventures and its twenty-one (21) subsidiaries (the "**Subsidiaries**", together with Club Ventures, the "**Company**") are a premiere boutique gym company operating stylish, upscale fitness clubs in four metropolitan areas in the United States. The Company primarily targets individuals in the 18-40 year age range. As of the Petition Date, the Company operated six fitness clubs in the following locations: (a) three fitness clubs in New York, New York; (b) one fitness club in Chicago, Illinois; (c) one

fitness club in Miami Beach, Florida; and (d) one fitness club in Bellevue, Washington. Collectively, the clubs serve approximately 13,500 members (the "**Club Members**").

4. The majority of the Company's revenues derive from the commercial operation of the fitness centers. The Company's model is differentiated from other commercial fitness centers by its focus on personal training. As a result, the revenue collected per member is higher, on average, than competing fitness centers.

5. From 2005 through 2009, the Company embarked on an ambitious expansion plan. During that period, the Company signed seven new real estate leases representing an additional 198,000 square feet of space, and opened six new fitness centers. While the Company was able to raise capital to fund the expansion, by 2008 the Company was incurring substantial losses from operations and generating negative cash flow. Various efforts to reverse the operating losses were unsuccessful. Consequently, in the fourth quarter of 2010, the Company determined to implement a significant change to its business plan. The Company replaced certain senior management and prepared a comprehensive plan to implement a restructuring of the Company. The comprehensive plan contemplates a financial restructuring of the balance sheet, an operational restructuring of the Company's fitness centers, as well as significant reductions in certain corporate costs. The Company also has begun introducing new initiatives to enhance revenue and cash flow. After careful analysis, taking into consideration the existence of pending litigation, the need to modify and/or terminate existing leases, and the need to convert certain existing debt into equity, the Company concluded that its restructuring plan should be implemented through a chapter 11 proceeding.

## III.
## FACTS SPECIFIC TO THIS MOTION

6. The Debtors are diligently preparing a plan of reorganization with a goal of confirming a plan by the end of August 2012. Although the Debtors expect to file their reorganization plan of reorganization before the expiration of their statutory exclusive period (which is June 30, 2012), the Debtors file this Motion requesting an extension of the exclusive period in an abundance of caution.

7. The Debtors' primary goal at this time is to reach consensus with all significant constituencies to ensure that the costs and expense of the plan confirmation are minimized. In order to achieve a smooth confirmation process, the Debtors have focused their attention in the early stage of these cases on negotiating lease amendments with their landlords. The Court already approved the modification of the Chicago lease, the motion to approve the modification of the Bellevue lease will be heard on May 25, and the motion to approve the modification of the Miami lease will be heard on June 1. The successful negotiations so far have ensured that the Debtors can continue to operate at all of their current locations, which means that the Debtors have avoided the need so far to reject any leases and create additional general unsecured claims.

8. The final precondition to a smooth confirmation process is the negotiation of a consensual treatment of general unsecured creditors. The Debtors are working with the Creditors' Committee and their financial advisors to hopefully achieve agreement on a consensual treatment. The Creditors' Committee is currently performing due diligence to confirm the Debtors' financial condition. Until the Creditors' Committee completes its reasonable due diligence and meaningful negotiations occur, the Debtors believe it would be premature to file a plan. The Debtors are optimistic that such negotiations will occur within the next several weeks.

# IV.

## CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS FOR THE DEBTORS TO PROPOSE AND GAIN CONFIRMATION OF A PLAN OF REORGANIZATION

9. Under Bankruptcy Code section 1121, a debtor possesses the exclusive right to (i) file a plan of reorganization, and (ii) gain acceptance of such plan for 120 days and 180 days, respectively. Bankruptcy Code section 1121(d) provides that the bankruptcy court may extend such periods for cause.

10. Although the elements that constitute "cause" for extension of the exclusivity periods are not enumerated in the Bankruptcy Code, courts have held that certain factors should be considered when determining whether cause exists to extend a debtor's statutory period of exclusivity. In *In re Adelphia Communications Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006), the court identified the following factors:

> (a) the size and complexity of the case;
>
> (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;
>
> (c) the existence of good faith progress towards reorganization;
>
> (d) the fact that the debtor is paying its bills as they become due;
>
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> (f) whether the debtor has made progress in negotiations with its creditors;
>
> (g) the amount of time which has elapsed in the case;
>
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
>
> (i) whether an unresolved contingency exists.

*In re Adelphia Communications Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

11. Here, the facts and circumstances of these Chapter 11 Cases demonstrate that more than sufficient cause exists to grant the Debtors' requested extension of the exclusivity periods. First, these Chapter 11 Cases are large and complex, involving 18 Debtors with assets and operations located throughout the United States. Notwithstanding the complexity, the Debtors have complied with the requirements of the administration of these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, Orders of this Court, and the United States Trustee Guidelines

12. Second, as evidenced by their successful efforts to renegotiate leases to preserve the existing fitness centers, the Debtors are utilizing chapter 11 to address their financial and operational issues, and are diligently working toward plan confirmation.

13. And third, the Debtors are providing information to the Creditors' Committee in order to permit the Creditors' Committee to perform due diligence in preparation for negotiations concerning the treatment of unsecured creditors under the plan.

14. Under these circumstances, although the Debtors expect to file a plan of reorganization before the expiration of their exclusive period, if exclusivity is terminated before the Debtors have adequate time to negotiate the proposed terms for a plan with all constituencies, other interested parties may not have the incentive to negotiate in good faith, the Debtors' reorganization efforts will be prejudiced, and the best interests of the creditors will not be served.

## V.
## NOTICE

15. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel to the Creditors' Committee, (c) counsel to the Debtors' secured creditors, and (d) parties that have requested special

6

notice. The Debtors respectfully submit that such notice is sufficient and that no further notice required.

16.　No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an Order substantially in the form attached hereto as **Exhibit A** (i) extending the Debtors' exclusive right to (a) file a plan of reorganization, and (b) gain acceptance of a plan of reorganization, to and including September 28, 2011 and November 28, 2011, respectively, and (ii) granting the Debtors such other and further relief as is just.

Dated: Los Angeles, California
　　　　May 17, 2011

　　　　　　　　　　**PEITZMAN, WEG & KEMPINSKY LLP**


By:/s/  David B. Shemano
　　　　David B. Shemano
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

　　　　　　　and

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

Counsel for Debtors and Debtors-in-Possession