Corey Stark (CS-3897)
The Dweck Law Firm, LLP
75 Rockefeller Plaza
New York, New York 10019
Tel: (212) 687-8200
Fax: (212) 697-2521
E-mail: cstark@dwecklaw.com

Attorneys for Deborah R. Cooke and Christina M. Rodino

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:

CLUB VENTURES INVESTMENTS LLC,

                        Debtor.
------------------------------------------------------------x

Chapter 11

Case No.: 11-10891

**Jointly Administered**

TO:    Creditors and Other Parties in Interest:

        PLEASE TAKE NOTICE, that:

        1.    Upon the application of Deborah R. Cooke and Christina M. Rodino, by their attorneys, The Dweck Law Firm LLP, a hearing will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the Courthouse located at One Bowling Green, New York, New York 11201, on the 3rd day of August 2011, at 11:00 a.m., or as soon thereafter as counsel can be heard, for an order, pursuant to 11 U.S.C. §362(d), granting applicants relief from the stay, and granting such other and further relief as to the Court may seem just, proper and equitable.

        2.    The original application was filed with this Court and is on file with the Clerk of the Bankruptcy Court and may be reviewed there during regular business hours.

1

3. The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: New York, New York
July 19, 2011

                                                THE DWECK LAW FIRM, LLP

                                                By: Corey Stark (CS-3897)
*Attorneys for Deborah R. Cooke and Christina Rodino*
75 Rockefeller Plaza
New York, New York 10019
(212) 687-8200

Corey Stark (CS-3897)
The Dweck Law Firm, LLP
75 Rockefeller Plaza
New York, New York 10019
Tel: (212) 687-8200
Fax: (212) 697-2521
E-mail: cstark@dwecklaw.com

Attorneys for Deborah R. Cooke and Christina M. Rodino

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

CLUB VENTURES INVESTMENTS LLC,

                      Debtor.
-----------------------------------------------------------------x

Chapter 11

Case No.: 11-10891

**Jointly Administered**

## MOTION BY DEBORAH R. COOKE AND CHRISTINA M. RODINO SEEKING RELIEF FROM THE AUTOMATIC STAY

1. Deborah R. Cooke ('Ms. Cooke") and Christina M. Rodino ("Ms. Rodino") potential creditors and interested parties, by their attorneys, The Dweck Law Firm LLP, hereby move (the "Motion"), for an order vacating the automatic stay for the purpose of proceeding with an action pending in the United States District Court for the Southern District of New York, and respectfully sets forth as follows:

**Preliminary Statement**

2. Ms. Cooke and Ms. Rodino seek an order vacating the automatic stay, for cause, pursuant to section 362(d) of the Bankruptcy Code. The reason that Ms. Cooke and Ms. Rodino seek relief from the stay is to permit them to proceed with litigation, which they commenced before the debtors sought bankruptcy protection. This is the

second request for this relief. This Court denied the first request without prejudice with leave to renew in July 2011. (Please see Exhibit "1").

3. Ms. Cooke and Ms. Rodino can establish the existence of "cause" under section 362(d)(1) to vacate the stay. As set forth in detail below, eight of the *Sonnax* factors are relevant to this case, and all of them support vacating the automatic stay.

## Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested is section 362(d)(1) of the Bankruptcy Code.

## Background

5. On March 2, 2011 (the "Petition Date"), Club Ventures Investments LLC ("Club Ventures") and twenty-one (21) subsidiaries, including, but not limited to DB 85 Gym Corp., CV II Gym, LLC, CV VI, LLC, filed a Chapter 11 bankruptcy petitions with this Court.

6. Prior to the Petition Date, Ms. Cooke and Ms. Rodino commenced a lawsuit against DB 85 Gym Corp., CV II Gym, LLC, CV VI, LLC and DB Broadway Gym Corp. (the "Employment Discrimination Action"). (Please see Exhibit "2").

7. Ms. Cooke and Ms. Rodino filed the Employment Discrimination Action on January 11, 2011. The complaint in the Employment Discrimination Action is based on allegations that DB 85 Gym Corp., CV II Gym, LLC, CV VI, LLC and DB Broadway Gym Corp. (the "Defendant Employers") promoted and tolerated a hostile work environment based on a pattern and practice of sexual orientation discrimination and

gender discrimination. It is alleged that the Defendant Employers engaged in sexual orientation discrimination and gender discrimination in the terms, conditions and privileges of employment in violation of the New York Executive Law §290, *et seq.* ("NYSHRL") and Administrative Code of the City of New York §8-801, *et seq.*, ("NYCCRL"). The complaint filed in the Employment Discrimination Action seeks the following relief: (1) a money judgment against Defendants for their damages, including but not limited to lost wages, lost benefits, other economic damages, shame, humiliation, embarrassment and mental distress; (2) reinstatement or in the alternative front pay; (3) an award of punitive damages and attorney's fees; and (4) prejudgment interest and costs. (Please see Exhibit "2").

8. On February 17, 2011, the Defendant Employers filed an answer. The Defendant Employers insurer has assumed full responsibility for defending them in the Employment Discrimination Action.

9. On February 18, 2011, pursuant to Southern District of New York Local Rule 83.12, the court referred the Employment discrimination Action for mediation under the Alternative Dispute Resolution Program.

10. On June 10, 2011, the Hon. Alvin K. Hellerstein adjourned the Initial Scheduling Conference in the Employment Discrimination Action due to this pending Chapter 11 action.

**Relief Requested**

11. For all of the reasons set forth herein, Ms. Cooke and Ms. Rodino seek an order vacating the automatic stay, for cause shown, to permit the continuation of the existing lawsuit pending in the United States District Court For The Southern District of New York.

**Argument**

12. Section 362(d) of the Bankruptcy Code provides, in relevant part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

13. The existence of "cause" under section 362(d)(1) of the Bankruptcy Code is expansive and is not limited to lack of adequate protection. See, *3 Collier on Bankruptcy* (15th Ed Rev.) at 362.07[3]. The Second Circuit Court of Appeals has set forth twelve factors to be considered in determining whether to grant relief from the automatic stay in connection with pending litigation. See, *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). These factors include: (1) whether relief would result in a partial or incomplete resolution of the issues; (2) lack of connection or interference with the bankruptcy; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialize tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for the defending of the action; (6) whether the action primarily involves third parties; (7) whether the interest in another forum would prejudice the interests of other creditors; (8) whether the judgment claim that arises is subject to equitable subordination; (9) whether the movant's success in the other proceeding would result in an avoidable lien; (10) the interest of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other

proceeding; and (12) the impact of the stay on the parties and the balance of harms. Id. at 1286.

14. In this case, ample cause exists for vacating the automatic stay to permit Ms. Cooke and Ms. Rodino to proceed with the State Court Lawsuit. Eight of the *Sonnax* factors are relevant to this case, and all of them support vacating the automatic stay. First, the debtors' insurer has assumed full responsibility for the defending the Employment Discrimination Action. Second, no prejudice will be occasioned for third party creditors. No prejudice will result because insurance and third parties will satisfy any judgment obtained in the Employment Discrimination. Third, the Employment Discrimination Action involves third parties. These third parties are DB Broadway Gym Corp. Kevin Kavanaugh and Carl Helmle, III. Fourth, the Employment Discrimination Action does not involve DB 85 Gym Corp., CV II Gym, LLC, CV VI, LLC as a fiduciaries. Fifth, the District Court has the necessary expertise to hear the Employment Discrimination Action. Employment discrimination claims are commonly litigated in the District Court. Moreover, the District Court has specialized procedures, including the Alternative Dispute Resolution Program, to dispose of employment discrimination claims expeditiously. Sixth, the successful prosecution of the claims in the Employment Discrimination Action will not result in an avoidable judicial lien, as the debtors and third parties have ample insurance coverage. Seventh, lifting the stay will promote the interest of judicial economy. The District Court's Alternative Dispute Resolution Program is designed to obtain expeditious resolutions short of litigating through trial. This indisputably serves judicial economy.

15. In addition to the foregoing, the balance of harm favors lifting the stay. This is true because lifting the stay will not result in any undue hardship to the Debtors, as the pursuit of the of the Employment Discrimination Action should have no impact on their efforts to reorganize. On April 27, 2011, David Shemano requested until July 2011 to engaged in a concerted effort with the Debtor's management team to coordinate a strategy to move through this proceeding quickly. July is almost over and by Mr. Shemano own admission no further time should be necessary. Moreover, there should be no immediate need for the Debtor's management team to participate in the Employment Discrimination Action because it is only at the beginning stages of discovery. The delay resulting from a failure to lift the stay, however, will occasion significant prejudice to Ms. Cooke and Ms. Rodino. This is true because memories and information are becoming stale with the passage of time. Nearly eight months have expired since Ms. Cooke and Ms. Rodino initiated their meritorious claim and they still have not have not had the opportunity to obtain any discovery or preserve evidence.

16. Based on the *Sonnax* factors, from a practical as well as a legal standpoint, the automatic stay should be lifted to allow the litigation to commenced in the District Court to proceed. A proposed order providing for this relief is annexed hereto as Exhibit "3".

### Waiver of Memorandum of Law

17. Because there are no novel issues of law and legal authority for the relief requested is presented herein, Ms. Cooke and Ms. Rodino respectfully requests that the Court waive the requirement that she file a memorandum of law in support of this Motion

WHEREFORE, Ms. Cooke and Ms. Rodino respectfully requests that this Court enter the order annexed hereto vacating the automatic stay, and grant such other and further relief as is necessary and appropriate.

Dated: New York, New York
July 19, 2011

THE DWECK LAW FIRM, LLP

*[signature]*

By: Corey Stark (CS-3897)
*Attorneys for Deborah R.
Cooke and Christina Rodino*
75 Rockefeller Plaza
New York, New York 10019
(212) 687-8200
