Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**SUPPLEMENT TO DEBTORS' MOTION FOR ORDER**
**APPROVING (I) DISCLOSURE STATEMENT, (II) FORM OF AND**
**MANNER OF NOTICES, (III) FORM OF BALLOTS AND (IV)**
**SOLICITATION MATERIALS AND SOLICITATION PROCEDURES**

As a supplement to the motion of Club Ventures Investments, LLC, *et al.*, the debtors

and debtors-in-possession (the "Debtors") in the above-captioned jointly administered cases,

for entry of an order approving (i) the Disclosure Statement For The Joint Plan Of

Reorganization Of The Debtors Under Chapter 11 Of The Bankruptcy Code, (ii) the form and

manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation

procedures, the Debtors hereby submit the following attached proposed solicitation

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895;
11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-
10904; 11-10906; 11-10907; 11-10908.

documents, which the Debtors ask the Court to approve at the hearing to consider approval of the Disclosure Statement and solicitation procedures on August 3, 2011:

**Exhibit A** – [Proposed] Order Approving (I) Disclosure Statement, (II) Form Of And Manner Of Notices, (III) Form Of Ballots And (IV) Solicitation Materials And Solicitation Procedures

**Exhibit B** – Notice Of (A) Hearing To Confirm Plan Of Reorganization And (B) Date By Which To File Objections

**Exhibit C** – Notice Of Non-Voting Status With Respect To Impaired Claims

**Exhibit D** – Notice Of Non-Voting Status With Respect To Unimpaired Claims

**Exhibit E** – Ballot (Class 2)

**Exhibit F** – Ballot (Class 3)

**Exhibit G** – Ballot (Class 4)

**Exhibit H** – Ballot (Class 7)

**Exhibit I** – Ballot (Class 8)

Dated: Los Angeles, California
     July 26, 2011

**PEITZMAN, WEG & KEMPINSKY LLP**

By: ___/s/ David B. Shemano_____
     David B. Shemano
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

     and

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

Counsel for Debtors and Debtors-in-Possession

# EXHIBIT A

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————
|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Jointly Administered |
——————————————————————

### ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) FORM OF AND MANNER OF NOTICES, (III) FORM OF BALLOTS AND (IV) SOLICITATION MATERIALS AND SOLICITATION PROCEDURES

Upon the motion of Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "Debtors") in the above-captioned jointly administered cases, for entry of an order approving (i) the Disclosure Statement For The Joint Plan Of Reorganization Of The Debtors Under Chapter 11 Of The Bankruptcy Code (the "Disclosure Statement"), (ii) the form and manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation procedures; and a hearing on the approval of the Disclosure Statement having been held on August 3, 2011 (the "Hearing"); and it appearing that the relief requested is in the best interests of the Debtors' estates, their

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding; and it appearing that notice of the Hearing was appropriate under the circumstances; and the Court having determined that the Disclosure Statement complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains adequate information, as such term is defined in section 1125 of the Bankruptcy Code:

ACCORDINGLY, IT IS ORDERED THAT:

A.      The Disclosure Statement is approved.

B.      The Debtors are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) and (ii) revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add additional disclosure, as deemed appropriate, prior to distributing it to the holders of claims and interests entitled to vote on the Debtors' Joint Plan Of Reorganization (the "Plan").

C.      The Debtors are authorized to begin solicitation of the Plan.  The Debtors shall distribute the Plan, the Disclosure Statement and the solicitation of any votes on the Plan (together, the "Solicitation Package") to all known holders of claims against or interests in the Debtors that are entitled to vote on the Plan (other than holders of Disputed Voting Claims, as defined in Exhibit A) within five (5) business days after entry of this Order approving the Disclosure Statement.

D.      Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to holders of claims against or interest in the Debtors that are placed in a class under the Plan that is deemed to accept or reject the Plan under section 1126 of the Bankruptcy Code.

E.      The date hereof shall be the record date for purposes of determining which creditors are entitled to vote on the Plan.

F.      The Solicitation Procedures set forth on Exhibit A hereto for the solicitation and tabulation of votes on the Plan are approved.  The Debtors' counsel is designated as the entity that will tabulate the ballots and prepare and file the ballot certification.

G.      The forms of ballots attached to the supplement filed in support of the Disclosure Statement (the "Supplement") are approved and shall be used for voting to accept or reject the Plan.

H.      The form of Confirmation Hearing Notice to be mailed to all creditors, equity security holders and other parties in interest, in the form attached to the Supplement, is approved.

I.      The form of notice to holders of claims or interests that are unimpaired and deemed to accept the Plan, and the form of notice to holders of claims or interests that are impaired and deemed to reject the Plan, which forms were attached to the Supplement, are approved.

J.      The Confirmation Hearing shall take place before the Bankruptcy Court on _____, 2011, at __:__ _.m.

K.      Objections or proposed modifications, if any, to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, and (iv) comply with the Bankruptcy Rules and the Local Rules to be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the date that is seven (7) days prior to the date of the Confirmation Hearing by:

Counsel to the Debtors:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: David B. Shemano

3

Counsel for the Official Committee of Unsecured Creditors (the "Committee"):
Klestadt & Winters, LLP
570 Seventh Avenue, 17th Floor
New York, NY 10018
Attn: Tracy L. Klestadt

Counsel for LBN Holding LLC ("LBN")
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
Attn: Alan Gamza
     Howard R. Herman
     Kent C. Kolbig

Counsel for Praesidian
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Attn: Joe Moldovan
     Stephen Budow

United States Trustee
Office of the Unites States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Nazar Khodorovsky

L.     Ballots of the holders of claims or interests entitled to vote must be delivered by first class mail, messenger, or overnight courier to: Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, so as to be received no later than 4:00 p.m. (prevailing Eastern time) on or before _____, 2011 (the "Voting Deadline").

M.     The Debtors shall file with the Bankruptcy Court and serve on the United States Trustee and counsel to the Committee a written certification of the acceptance or rejection of the Plan at least seven (7) days prior to the Confirmation Hearing.

N.     The Debtors shall file any memorandum of points and authorities or other papers in support of confirmation of the Plan, including any reply to any timely filed and served objection to confirmation of the Plan, on or before _____, 2011, and shall

4

serve a copy on the United States Trustee, counsel for the Committee, counsel for LBN, counsel for Praesidian and each objecting party.

O.      In accordance with section 1125(e) of the Bankruptcy Code, any person that solicits acceptance of the Plan in accordance with the procedures set forth herein, or that participates in the offer, issuance, sale or purchase of any securities offered or sold under the Plan of the Debtors, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule or regulation governing solicitation of acceptance of a plan or the offer, issuance, sale or purchase of securities.

Dated: New York, New York
          _____, 2011

_____
United States Bankruptcy Judge

5

## EXHIBIT A

### Procedures for Solicitation and Tabulation of Votes

With respect to the solicitation and tabulation of the ballots, the following procedures are approved:

(a)     The amount of a claim for voting purposes shall be the claim amount as listed in the Debtors' schedules of assets and liabilities (the "Schedules"), provided such claim is not listed as contingent, unliquidated, or disputed, and no proof of claim has been filed timely;

(b)     If a proof of claim in a specified liquidated amount has been filed timely, which claim (a) is not subject to an objection filed before the confirmation hearing, (b) has not been disallowed prior to the confirmation hearing, and (c) is not subject to disallowance under section 502(d), then the amount of the claim for voting purposes shall be such specified liquidated amount as stated in the proof of claim;

(c)     Any holder of a claim against the Debtors that is classified under the Plan in a class that is entitled to vote (i) against which claim the Debtors have filed an objection, whether such objection related to the entire claim, or a portion thereof, (ii) who is a defendant in an adversary proceeding where such claim would be subject to disallowance under section 502(d) of the Bankruptcy Code, or (iii) who has filed a proof of claim in an unliquidated or unknown amount (such claims herein referred to as "Disputed Voting Claims") shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of section 1126 of the Bankruptcy Code have been met.  If any holder of a Disputed Voting Claim disagrees with such voting status, then it must file with the Bankruptcy Court and serve upon counsel to the Debtors, at least ten (10) business days prior to the Voting Deadline, a motion (the "Temporary Allowance Motion") requesting temporary allowance of its claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a).  No later than two (2) business days after the filing and service of such Temporary Allowance Motion, counsel for the Debtors will send the movant a

6

Solicitation Package, and the movant shall be required to return its ballot to counsel for the Debtors by the Voting Deadline. If the Debtors and the holder of the Disputed Voting Claim cannot resolve consensually the temporary allowance of the Disputed Voting Claim, the Court may consider the Temporary Allowance Motion at the Confirmation Hearing. The Debtors' rights with respect to the Temporary Allowance Motion and the Disputed Voting Claim are reserved. The allowance of any Voting Claim for voting purposes on the Plan shall not constitute a waiver of any rights of the Debtors to object to such claim for purposes of allowance or distribution under the Plan or otherwise.

(d)     If a creditor submits a ballot for a claim for which a proof of claim has not been filed timely and the claim has not been listed on the Schedules, then the ballot shall not be counted in accordance with FRBP 3018, unless the Bankruptcy Court temporarily allows the claim for voting purposes in accordance with Rule 3018;

(e)     All votes must be cast either to accept or to reject the Plan and may not be split;

(f)     Any ballot that partially rejects and partially accepts, or conditionally accepts the Plan, shall be treated as a vote to accept the Plan;

(g)     If a creditor casts more than one ballot voting the same claim, the last ballot received prior to the deadline for submitting ballots shall supersede any prior ballot(s), even if the dollar amount of the earlier claim was greater;

(h)     Except as the Debtors otherwise may agree in their discretion, a ballot received by facsimile, e-mail, or any other electronic means shall not be counted;

(i)     Votes cast by a creditor pursuant to a ballot that is not signed or is not received timely shall not be counted;

(j)     The Debtors, in their discretion, may waive any defect in any ballot at any time, whether before or after the Voting Deadline;

(k)     The Debtors reserve the right, in their discretion, either to reject any and all ballots not in proper form or otherwise to attempt to cure any and all defective ballots;

(l)     Any ballot that is illegible or contains insufficient information to permit identification of the claimant or interest holder may not be counted;

(m)     Any ballot cast by a person or entity that does not hold a claim or interest in a voting class will not be counted; and

(n)     Signed ballots that are received timely but that do not indicate any vote on the Plan shall be treated as a vote to accept the Plan.

EXHIBIT B

**THIS NOTICE CONTAINS IMPORTANT INFORMATION REGARDING THE PLAN OF REORGANIZATION. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**NOTICE OF (A) HEARING TO CONFIRM PLAN OF REORGANIZATION**
**AND (B) DATE BY WHICH TO FILE OBJECTIONS**

PLEASE TAKE NOTICE that a hearing to confirm the Debtors' Joint Plan Of Reorganization (the "Plan"), filed by the debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases (the "Debtors"), has been scheduled by the Court, and the following deadlines and procedures have been established thereto:

**HEARING TO CONFIRM PLAN OF REORGANIZATION**

1.      A hearing to confirm the Plan (the "Confirmation Hearing") will commence on _____, 2011 at __:__ _.m. (prevailing Eastern time) before the Honorable Allan L. Gropper, United States Bankruptcy Judge, in Room 617 of the United States

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be continued from time to time without notice to any creditor or other party in interest other than by announcement of the continued date in open court on the date of the Confirmation Hearing.

2. The Debtors are soliciting acceptance of the Plan from holders of claims and interests that are entitled to vote on the Plan.  The Bankruptcy Court can confirm the Plan and bind all holders of claims and interests if (a) the Plan is accepted by holders of at least two-thirds in amount and more than one-half in number of the claims or interests in each impaired class entitled to vote who actually vote on the Plan and (b) the Plan otherwise satisfies the applicable requirements of section 1129 of the Bankruptcy Code.

## IMPORTANT INFORMATION REGARDING VOTING ON THE PLAN

3. In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan classifies holders of claims and equity security interests into various classes for all purposes, including with respect to voting on the Plan, as follows:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Non-Tax Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Bank of America Secured Claim | Impaired | Entitled to Vote |
| 3 | LBN Holding LLC Secured Claim | Impaired | Entitled to Vote |
| 4 | Praesidian Secured Claim | Impaired | Entitled to Vote |
| 5 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 6 | Member Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Insured Claims | Unimpaired | Deemed to Accept |
| 10 | Subordinated Claims | Impaired | Deemed to Reject |
| 11 | Interests in Subsidiary Debtors | Unimpaired | Deemed to Accept |
| 12 | Series B Preferred Interests in CVI | Impaired | Deemed to Reject |
| 13 | Series A Preferred Interests in CVI | Impaired | Deemed to Reject |
| 14 | Class C Interests in CVI | Impaired | Deemed to Reject |

2

| 15 | Class B Interests in CVI | Impaired | Deemed to Reject |
| 16 | Class A Interests in CVI | Impaired | Deemed to Reject |

4.      <u>Voting Record Date and Voting Deadline</u>.  _____, 2011 is the record date for purposes of determining which creditors are entitled to vote on the Plan.  Holders of claims or interests entitled to vote must deliver their completed ballots to: Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, so as to be received no later than 4:00 p.m.(prevailing Eastern time) on or before _____, 2011 (the "<u>Voting Deadline</u>").  **For a vote to be counted, a holder must (a) complete all the required information on the ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

5.      <u>Disallowed Claims and Temporary Allowance of Claims for Voting Purposes</u>.  Any holder of a claim against the Debtors that is classified under the Plan in a class that is entitled to vote (a) against which claim the Debtors have filed an objection, whether such objection related to the entire claim, or a portion thereof, (b) who is a defendant in an adversary proceeding where such claim would be subject to disallowance under section 502(d) of the Bankruptcy Code, or (c) who has filed a proof of claim in an unliquidated or unknown amount (such claims herein referred to as "<u>Disputed Voting Claims</u>") shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of section 1126 of the Bankruptcy Code have been met.  If any holder of a Disputed Voting Claim disagrees with such voting status, then it must file with the Bankruptcy Court and serve upon counsel to the Debtors, at least ten (10) business days prior to the Voting Deadline, a motion (the "<u>Temporary Allowance Motion</u>") requesting temporary allowance of its claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a).  No later than two (2) business days after the filing and service of such Temporary Allowance Motion, counsel for the Debtors will send the movant a Solicitation Package, and the movant shall be required to return its ballot to counsel for the Debtors by the Voting Deadline.  If the Debtors and the holder of the Disputed Voting Claim cannot resolve consensually the temporary allowance of the Disputed Voting Claim, the Court may consider the Temporary Allowance Motion at the Confirmation Hearing.  The Debtors' rights with respect to the Temporary Allowance Motion and the Disputed Voting Claim are reserved.  The allowance of any Voting Claim for voting purposes on the Plan shall not constitute a waiver of any rights of the Debtors to object to such claim for purposes of allowance or distribution under the Plan or otherwise.

## OBJECTION DEADLINE AND PROCEDURES

6.      The Court established _____, 2011, at 4:00 p.m. (prevailing Eastern time), as the last date and time for filing and serving objections or proposed modifications to the Plan (the "<u>Plan Objection Deadline</u>").  Objections or proposed modifications not filed and served by the Plan Objection Deadline in the manner set forth in paragraph 7 below will not be considered by the Court.

7.    To be considered by the Court, objections or proposed modifications, if any, to the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) comply with the Bankruptcy Rules and the Local Rules to be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received on or before the Plan Objection Deadline by:

Counsel to the Debtors:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: David B. Shemano

Counsel for the Official Committee of Unsecured Creditors (the "Committee"):
Klestadt & Winters, LLP
570 Seventh Avenue, 17th Floor
New York, NY 10018
Attn: Tracy L. Klestadt

Counsel for LBN Holding LLC ("LBN")
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
Attn: Alan Gamza
        Howard R. Herman
        Kent C. Kolbig

Counsel for Praesidian
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Attn: Joe Moldovan
        Stephen Budow

United States Trustee
Office of the Unites States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Nazar Khodorovsky

**The Court will consider only written objections filed and served by the Plan Objection Deadline. Objections not timely filed and served in accordance with the provisions of this Notice may not be heard and may be overruled.**

8.    All documents filed with the Court, including the Plan, are publicly available for review at (a) the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, and (b) the Bankruptcy Court's website

4

www.nysb.uscourts.gov (a PACER account is required). Copies of the same may also be obtained by contacting counsel for the Debtors, Attn: Kathryn Russo, at (310) 552-3100.

## INJUNCTIONS AND RELEASES[2]

9.      The Plan provides for (a) a discharge of the Debtors, (b) releases by the Debtors in favor of Praesidian, LBN and John Howard, and the present directors, officers, managers, employees, or legal advisors of the foregoing (collectively, the "Released Parties"), and (c) certain injunctive relief in favor of the Debtors, any affiliate of the Debtors, the Committee and its members (in their capacity as such), the professionals employed by the Debtors' estates and the Committee, Praesidian, LBN, John Howard, and the present directors, officers, managers, employees, or legal advisors of the foregoing (collectively, the "Exculpated Parties").  Specifically, the Plan provides:

(a)      Releases.  *As of the Effective Date, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious implementation of the restructuring and reorganization contemplated by the Plan, the adequacy of which is confirmed thereby, the Debtors, in their individual capacities and as debtors in possession, their Estates, and the Reorganized Debtors shall be deemed forever to release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the Released Parties (other than the rights under this Plan and the contracts, instruments, releases, and other agreements or documents delivered hereunder or contemplated hereby and thereby, and any claims based thereon), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise.*

(b)      Discharge of the Debtors.

(i)      *Except as otherwise provided in the Plan or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (iv) the holder of a Claim based upon such debt accepted the Plan; provided, however, the Debtors' obligations to provide adequate protection to LBN, Praesidian and BofA*

---

[2] All capitalized terms used in this section and not defined shall have the meaning ascribed to them in the Plan.

*pursuant to paragraph 14 of the DIP/Cash Collateral Order and to reimburse and pay the legal fees and expenses of LBN, Praesidian and BofA pursuant to paragraphs 2 and 14 of the DIP/Cash Collateral Order and sections 2(e), 6(g), 7(b)(v) and 12(j) of the credit agreement approved by such order, to the extent such fees and expenses have not been previously paid or are paid on the Effective Date, shall not be discharged or released.*

*(ii) As of the Effective Date, except as provided in the Plan or the Confirmation Order, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further Claims, debts, rights, causes of action, claims for relief, or liabilities relating to the Debtors or any Interest in the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors, and the termination of all such Interests, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or a terminated Interest.*

*(c) Injunctions. Except as provided in the Plan or the Confirmation Order, from and after the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, terminated, exculpated, or discharged under Article IX of the Plan, along with their respective current and former employees, agents, officers, directors, managers, principals, affiliates, shareholders, and members, are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors and the Exculpated Parties, and their respective agents, officers, directors, managers, employees, representatives, advisors, attorneys, affiliates, shareholders, or members, or any of their successors or assigns or any of their respective property on account of any such released, terminated or discharged Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or Interest: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.*

6

Dated: Los Angeles, California
_____, 2011

PEITZMAN, WEG & KEMPINSKY LLP

By: ___/s/ David B. Shemano_____
        David B. Shemano
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

        and

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

Counsel for Debtors and Debtors-in-Possession

# EXHIBIT C

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO IMPAIRED CLAIMS

PLEASE TAKE NOTICE that a hearing to confirm the Debtors' Joint Plan Of Reorganization (the "Plan"), filed by the debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases (the "Debtors"), has been scheduled by the Court, and the following deadlines and procedures have been established thereto:

## HEARING TO CONFIRM PLAN OF REORGANIZATION

1.      A hearing to confirm the Plan (the "Confirmation Hearing") will commence on _____, 2011 at __:__ _.m. (prevailing Eastern time) before the Honorable Allan L. Gropper, United States Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be continued from time to time without notice to any creditor or other party in interest other than by announcement of the continued date in open court on the date of the Confirmation Hearing.

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Exhibit C
Page 18

2.      Concurrently with the mailing of this Notice, the Debtors have distributed the Plan, the disclosure statement describing the Plan (the "Disclosure Statement") and the solicitation of any votes on the Plan (together, the "Solicitation Package") to all known holders of claims against or interests in the Debtors that are entitled to vote on the Plan,

## NON-VOTING STATUS

3.      If you have received this Notice and did not receive the Solicitation Package, the Debtors have determined that you are not entitled to vote on the Plan pursuant to section 1126 of the Bankruptcy Code.

4.      UNDER THE PLAN, HOLDERS OF CERTAIN IMPAIRED CLAIMS AND INTERESTS (AS SET FORTH IN THE PLAN) WILL NOT RECEIVE OR RETAIN ANY PROPERTY UNDER THE PLAN ON ACCOUNT OF SUCH CLAIMS OR INTERESTS.  AS A RESULT, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, SUCH HOLDERS ARE DEEMED NOT TO HAVE ACCEPTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN.  YOU ARE ENCOURAGED, HOWEVER, TO REVIEW THE PLAN AND DISCLOSURE STATEMENT.

## OBJECTION DEADLINE AND PROCEDURES

5.      The Court established _____, 2011, at 4:00 p.m. (prevailing Eastern time), as the last date and time for filing and serving objections or proposed modifications to the Plan (the "Plan Objection Deadline").  Objections or proposed modifications not filed and served by the Plan Objection Deadline in the manner set forth in paragraph 4 below will not be considered by the Court.

6.      To be considered by the Court, objections or proposed modifications, if any, to the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) comply with the Bankruptcy Rules and the Local Rules to be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received on or before the Plan Objection Deadline by:

Counsel to the Debtors:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: David B. Shemano

Counsel for the Official Committee of Unsecured Creditors (the "Committee"):
Klestadt & Winters, LLP
570 Seventh Avenue, 17th Floor
New York, NY 10018
Attn: Tracy L. Klestadt

Exhibit C
Page 19

Counsel for LBN Holding LLC ("LBN")
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
Attn: Alan Gamza
      Howard R. Herman
      Kent C. Kolbig

Counsel for Praesidian
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Attn: Joe Moldovan
      Stephen Budow

United States Trustee
Office of the Unites States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Nazar Khodorovsky

**The Court will consider only written objections filed and served by the Plan Objection Deadline. Objections not timely filed and served in accordance with the provisions of this Notice may not be heard and may be overruled.**

7.      All documents filed with the Court, including the Plan, are publicly available for review at (a) the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, and (b) the Bankruptcy Court's website www.nysb.uscourts.gov (a PACER account is required). Copies of the same may also be obtained by contacting counsel for the Debtors, Attn: Kathryn Russo, at (310) 552-3100.

Dated: Los Angeles, California
          _____, 2011

                    **PEITZMAN, WEG & KEMPINSKY LLP**

                    By: ___/s/ David B. Shemano_____
                        David B. Shemano
                    2029 Century Park East, Suite 3100
                    Los Angeles, CA 90067
                    (310) 552-3100

                        and

                    Jonathan L. Flaxer, Esq.
                    GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

437 Madison Avenue
New York, New York 10022
(212) 907-7300

Counsel for Debtors and Debtors-in-Possession

4

Exhibit C
Page 21

EXHIBIT D

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
In re:                                          )          Chapter 11
                                                )
CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] )     Case No. 11-10891 (ALG)
                                                )
                        Debtors.                )
                                                )          Jointly Administered
_____)

**NOTICE OF NON-VOTING STATUS**
**WITH RESPECT TO UNIMPAIRED CLAIMS**

        PLEASE TAKE NOTICE that a hearing to confirm the Debtors' Joint Plan Of
Reorganization (the "Plan"), filed by the debtors and debtors-in-possession in the above-
captioned jointly administered chapter 11 cases (the "Debtors"), has been scheduled by the
Court, and the following deadlines and procedures have been established thereto:

**HEARING TO CONFIRM PLAN OF REORGANIZATION**

        1.      A hearing to confirm the Plan (the "Confirmation Hearing") will commence
on _____, 2011 at __:__ _.m. (prevailing Eastern time) before the Honorable
Allan L. Gropper, United States Bankruptcy Judge, in Room 617 of the United States
Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,
New York 10004.  The Confirmation Hearing may be continued from time to time without
notice to any creditor or other party in interest other than by announcement of the
continued date in open court on the date of the Confirmation Hearing.

_____
[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-
10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-
10905; 11-10904; 11-10906; 11-10907; 11-10908.

2.     Concurrently with the mailing of this Notice, the Debtors have distributed the Plan, the disclosure statement describing the Plan (the "Disclosure Statement") and the solicitation of any votes on the Plan (together, the "Solicitation Package") to all known holders of claims against or interests in the Debtors that are entitled to vote on the Plan.

## NON-VOTING STATUS

3.     If you have received this Notice and did not receive the Solicitation Package, the Debtors have determined that you are not entitled to vote on the Plan pursuant to section 1126 of the Bankruptcy Code.

4.     UNDER THE PLAN, AND IN ACCORDANCE WITH SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM(S) IS UNIMPAIRED.  AS A RESULT, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN, AND YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.  YOU ARE ENCOURAGED, HOWEVER TO REVIEW THE PLAN AND DISCLOSURE STATEMENT.

## OBJECTION DEADLINE AND PROCEDURES

5.     The Court established _____, 2011, at 4:00 p.m. (prevailing Eastern time), as the last date and time for filing and serving objections or proposed modifications to the Plan (the "Plan Objection Deadline").  Objections or proposed modifications not filed and served by the Plan Objection Deadline in the manner set forth in paragraph 4 below will not be considered by the Court.

6.     To be considered by the Court, objections or proposed modifications, if any, to the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) comply with the Bankruptcy Rules and the Local Rules to be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received on or before the Plan Objection Deadline by:

> Counsel to the Debtors:
> Peitzman, Weg & Kempinsky LLP
> 2029 Century Park East, Suite 3100
> Los Angeles, CA 90067
> Attn: David B. Shemano
>
> Counsel for the Official Committee of Unsecured Creditors (the "Committee"):
> Klestadt & Winters, LLP
> 570 Seventh Avenue, 17th Floor
> New York, NY 10018
> Attn: Tracy L. Klestadt

Counsel for LBN Holding LLC ("LBN")
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
Attn: Alan Gamza
        Howard R. Herman
        Kent C. Kolbig

Counsel for Praesidian
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Attn: Joe Moldovan
        Stephen Budow

United States Trustee
Office of the Unites States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Nazar Khodorovsky

**The Court will consider only written objections filed and served by the Plan Objection Deadline.  Objections not timely filed and served in accordance with the provisions of this Notice may not be heard and may be overruled.**

       7.     All documents filed with the Court, including the Plan, are publicly available for review at (a) the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, and (b) the Bankruptcy Court's website www.nysb.uscourts.gov (a PACER account is required). Copies of the same may also be obtained by contacting counsel for the Debtors, Attn: Kathryn Russo, at (310) 552-3100.

Dated: Los Angeles, California
                 , 2011

                         **PEITZMAN, WEG & KEMPINSKY LLP**

                         By:    /s/ David B. Shemano         
                              David B. Shemano
                         2029 Century Park East, Suite 3100
                         Los Angeles, CA 90067
                         (310) 552-3100

                               and

                         Jonathan L. Flaxer, Esq.
                         GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
                         437 Madison Avenue
                         New York, New York 10022

(212) 907-7300

Counsel for Debtors and Debtors-in-Possession

4

EXHIBIT E

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**CLASS 2 BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "Debtors"), filed their Joint Plan of Reorganization (the "Plan") in these jointly administered chapter 11 cases. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

> Counsel to the Debtors:
> Peitzman, Weg & Kempinsky LLP
> 2029 Century Park East, Suite 3100
> Los Angeles, CA 90067
> Telephone: (310) 552-3100
> Facsimile: (310) 552-3101
> Attn: Kathryn Russo

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 2 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, on or before 4:00 p.m. (prevailing Eastern time) on _____, 2011 (the "Voting Deadline"), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. For a vote to be counted, you must (a) complete all the required information on this ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 2 claim against the Debtors in the unpaid amount of _____ Dollars ($_____)

(Check one box only)

[ ] ACCEPTS THE PLAN             [ ] REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

2

RETURN THIS BALLOT TO:

Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: Kathryn Russo

EXHIBIT F

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**CLASS 3 BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "Debtors"), filed their Joint Plan of Reorganization (the "Plan") in these jointly administered chapter 11 cases. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

> Counsel to the Debtors:
> Peitzman, Weg & Kempinsky LLP
> 2029 Century Park East, Suite 3100
> Los Angeles, CA 90067
> Telephone: (310) 552-3100
> Facsimile: (310) 552-3101
> Attn: Kathryn Russo

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 3 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, on or before 4:00 p.m. (prevailing Eastern time) on _____, 2011 (the "Voting Deadline"), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. For a vote to be counted, you must (a) complete all the required information on this ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 3 claim against the Debtors in the unpaid amount of _____ Dollars ($_____)

(Check one box only)

[ ] ACCEPTS THE PLAN          [ ] REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

2

RETURN THIS BALLOT TO:

Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: Kathryn Russo

# EXHIBIT G

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |

_____)

**CLASS 4 BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "Debtors"), filed their Joint Plan of Reorganization (the "Plan") in these jointly administered chapter 11 cases. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

Counsel to the Debtors:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101
Attn: Kathryn Russo

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, on or before 4:00 p.m. (prevailing Eastern time) on _____, 2011 (the "Voting Deadline"), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. For a vote to be counted, you must (a) complete all the required information on this ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 4 claim against the Debtors in the unpaid amount of _____ Dollars ($_____)

      (Check one box only)

      [ ] ACCEPTS THE PLAN        [ ] REJECTS THE PLAN


Dated: _____

      Print or type name: _____

      Signature: _____

      Title (if corporation or partnership): _____

      Address: _____

           _____

2

RETURN THIS BALLOT TO:

Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: Kathryn Russo

# EXHIBIT H

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**CLASS 7 BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "<u>Debtors</u>"), filed their Joint Plan of Reorganization (the "<u>Plan</u>") in these jointly administered chapter 11 cases. The Court has approved a disclosure statement with respect to the Plan (the "<u>Disclosure Statement</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

<u>Counsel to the Debtors</u>:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101
Attn: Kathryn Russo

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 7 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, on or before 4:00 p.m. (prevailing Eastern time) on _____, 2011 (the "Voting Deadline"), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. For a vote to be counted, you must (a) complete all the required information on this ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 7 claim against the Debtors in the unpaid amount of _____ Dollars ($_____)

    (Check one box only)

    [ ] ACCEPTS THE PLAN        [ ] REJECTS THE PLAN

Dated: _____

          Print or type name: _____

          Signature: _____

          Title (if corporation or partnership): _____

          Address: _____

          _____

2

RETURN THIS BALLOT TO:

Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: Kathryn Russo

# EXHIBIT I

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] | ) | Case No. 11-10891 (ALG) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**CLASS 8 BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

Club Ventures Investments, LLC, *et al.*, the debtors and debtors-in-possession (the "Debtors"), filed their Joint Plan of Reorganization (the "Plan") in these jointly administered chapter 11 cases. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

Counsel to the Debtors:
Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101
Attn: Kathryn Russo

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

Exhibit I
Page 38

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 8 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, CA 90067, Attn: Kathryn Russo, on or before 4:00 p.m. (prevailing Eastern time) on _____, 2011 (the "<u>Voting Deadline</u>"), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. For a vote to be counted, you must (a) complete all the required information on this ballot, and (b) sign, date and return the completed ballot by first class mail, messenger, or overnight courier so that it is actually received no later than the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 8 claim against the Debtors in the unpaid amount of _____ Dollars ($_____)

(Check one box only)

[ ]  ACCEPTS THE PLAN AS A MEMBER OF CLASS 8

[ ]  ELECTS TO REDUCE ITS CLAIM TO $250 AND ACCEPTS THE PLAN
     AS A MEMBER OF CLASS 7

[ ]  REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

2

Exhibit I
Page 39

RETURN THIS BALLOT TO:

Peitzman, Weg & Kempinsky LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Attn: Kathryn Russo

3

Exhibit I
Page 40