Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300

David B. Shemano, Esq.
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
(310) 552-3100

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CLUB VENTURES INVESTMENTS LLC, *et al.*,[1] ) | |
| ) | Case No. 11-10891 (ALG) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

### ORDER CONFIRMING DEBTORS' SECOND
### AMENDED JOINT PLAN OF REORGANIZATION

The hearing to consider confirmation of the Debtors' Second Amended Joint Plan Of Reorganization (the "**Plan**"), filed by Club Ventures Investments LLC ("**Club Ventures**") and certain of its subsidiaries, as debtors and debtors-in-possession (collectively, the "**Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") was held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, on September 23, 2011, at 10:00 a.m. (the "**Confirmation Hearing**"). Appearances were made as reflected in the Bankruptcy Court's record. Capitalized terms used herein shall have the meaning ascribed to them in the Plan, unless otherwise defined.

On August 8, 2011, after a hearing on August 3, 2011 (the "**Disclosure Statement**

---

[1] Jointly Administered with Case Nos.: 11-10892; 11-10894; 11-10893; 11-10896; 11-10895; 11-10897; 11-10900; 11-10898; 11-10899; 11-10901; 11-10902; 11-10903; 11-10905; 11-10904; 11-10906; 11-10907; 11-10908.

**Hearing**"), this Court entered an order approving the Disclosure Statement with respect to the plan of reorganization filed by the Debtors on August 1, 2011 (the "**August 1 Plan**"), fixing the date for the hearing to consider confirmation of the August 1 Plan, approving the form of ballots ("**Ballots**"), and establishing procedures for soliciting and tabulating votes with respect to the August 1 Plan (the **"Disclosure Statement Approval Order"**).

In accordance with the Disclosure Statement Approval Order, on August 12, 2011, the Debtors mailed copies of the Solicitation Package (as defined in the Disclosure Statement Approval Order) to creditors, equity interest holders and other interested parties entitled to notice. Included in the Solicitation Package was the August 1 Plan, as revised to incorporate certain changes suggested by the Bankruptcy Court and interested parties at the Disclosure Statement Hearing (the "**August 12 Plan**").

On September 20, 2011, the Debtors filed their Second Amended Joint Plan Of Reorganization (the "**Plan**"), together with a Notice of Filing of Debtors' Second Amended Joint Plan of Reorganization (the "**Notice of Filing**") showing the differences between the August 1 Plan and the August 12 Plan, and the differences between the August 12 Plan and the Plan.

In support of the Plan, the Debtors filed a Memorandum Of Points And Authorities In Support Of Confirmation Of The Debtors' Second Amended Joint Plan Of Reorganization (the "**Confirmation Memorandum**"), a Reply And Supplement In Support Of Confirmation Of The Debtors' Second Amended Joint Plan Of Reorganization (the "**Reply and Supplement**"), the Declarations of Charles Grieve and Duane Stullich In Support Of Confirmation Of The Debtors' Joint Plan Of Reorganization (the "**Grieve Declaration**" and the "**Stullich Declaration**"), and the Declaration of Kathryn F. Russo Certifying The Tabulation Of Ballots For The Debtors' Joint Plan Of Reorganization (the "**Plan Ballot Summary**").

A limited objection to the Plan was filed by TTMC as nominee 50 West 23rd Street A LLC and 50 West 23rd Street B LLC ("**TTMC**").

After consideration of the Plan, the Disclosure Statement, the Notice of Filing, the Confirmation Memorandum, the Reply and Supplement, the Grieve Declaration, the Stullich Declaration, the Plan Ballot Summary, all objections and responses filed to the Plan, the

arguments of counsel, the files and records in these Chapter 11 Cases, and good cause appearing, the Bankruptcy Court hereby makes the following findings of fact and conclusions of law:

1. The Bankruptcy Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue of the Chapter 11 Cases is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors complied with the Disclosure Statement Approval Order in soliciting votes on the Plan. The Solicitation Package, as defined in the Disclosure Statement Approval Order, was transmitted and served in compliance with the Bankruptcy Rules, the Local Bankruptcy Rules and the Disclosure Statement Approval Order, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and other bar dates and hearings described in the Disclosure Statement Approval Order was given in compliance with the Bankruptcy Rules, the Local Bankruptcy Rules and the Disclosure Statement Approval Order, and no further notice is required. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and all other rules, laws, and regulations.

3. The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code. Article III of the Plan adequately and properly identifies and classifies all Claims and Interests. The Plan designates ten (10) Classes of Claims and six (6) Classes of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests.

4. The Plan satisfies section 1123(a)(2) of the Bankruptcy Code. The Plan specifies that Classes 1, 5, 6, 9, and 11 are not impaired under the Plan.

5. The Plan satisfies section 1123(a)(3) of the Bankruptcy Code. The Plan specifies the Classes of Claims and Interests which are impaired and the treatment of the impaired Classes (Classes 2, 3, 4, 7, 8, 10, 12, 13, 14, 15, and 16) in Articles III and IV of the Plan.

6. The Plan satisfies section 1123(a)(4) of the Bankruptcy Code. Except as described herein, Article III of the Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.

7. The Plan satisfies section 1123(a)(5) of the Bankruptcy Code. Article V of the Plan provides adequate and proper means for implementation of the Plan.

8. The Plan satisfies section 1123(a)(6) of the Bankruptcy Code. Section 5.1 of the Plan provides that the Debtors' organizational documents shall be amended to prohibit the Reorganized Debtors from issuing non-voting equity securities, to the extent necessary to comply with section 1123(a)(6). The membership units being issued pursuant to the Amended CVI Operating Agreement provide for an appropriate distribution of power among such parties and voting rights.

9. The Plan satisfies section 1123(a)(7) of the Bankruptcy Code. Section 5.11 of the Plan contains provisions with respect to the manner of selection of directors and officers of the Reorganized Debtors that are consistent with the interests of creditors, equity security holders, and public policy.

10. The Plan satisfies section 1129(a)(1) of the Plan. The Plan complies with the applicable provisions of the Bankruptcy Code.

11. The Plan satisfies section 1129(a)(2) of the Bankruptcy Code. The Debtors, as proponents of the Plan, have complied with sections 1125 and 1126(b) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, applicable nonbankruptcy law, the Disclosure Statement Approval Order, and all other applicable law, in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes to accept or reject the Plan.

12. The Plan satisfies section 1129(a)(3) of the Bankruptcy Code. The Debtors have proposed the Plan in good faith and not by any means forbidden by law. The Plan was developed in good faith and at arms'-length with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and other interested parties, and was proposed with the legitimate

and honest purpose of maximizing the value of the Debtors' estates and effectuating a successful reorganization of the Debtors.

13. The Plan satisfies section 1129(a)(4) of the Bankruptcy Code. Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, this Court as reasonable, or, in the case of fees and expenses incurred by counsel for LBN and Praesidian, represent a compromise approved as part of the confirmation of the Plan.

14. The Plan satisfies section 1129(a)(5) of the Bankruptcy Code. The Debtors have disclosed the identity and affiliations of the individuals proposed to serve as the initial officers of the Reorganized Debtors after confirmation of the Plan, and the appointment to, or continuance in, such offices is consistent with the interests of creditors and with public policy.

15. Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Plan because the Debtors have not operated in a regulated industry.

16. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The statements regarding potential liquidation of the Debtors under chapter 7 of the Bankruptcy Code contained in the Disclosure Statement and in other evidence presented at the Confirmation Hearing have not been controverted by other evidence. Each holder of a Claim or Interest in each impaired Class either has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. No Class has made an election under section 1111(b)(2) of the Bankruptcy Code.

17. Classes 10, 12, 13, 14, 15, and 16 are impaired, and because no distributions will be made to the holders of Subordinated Claims or Interests in Classes 10, 12, 13, 14, 15, and 16, and such holders will not retain any property, such holders are deemed to have rejected the Plan. Because not all impaired Classes of Claims or Interests have accepted the Plan, the requirements

of section 1129(a)(8) of the Bankruptcy Code have not been met, thus requiring resort to section 1129(b) of the Bankruptcy Code.

18. The Plan satisfies section 1129(a)(9) of the Bankruptcy Code. The treatment of Administrative Expense Claims and Priority Non-Tax Claims under Sections 2.2 and 3.3 of the Plan, respectively, satisfies the requirements of sections 1129(a)(9)(A) and (B), and the treatment of Priority Tax Claims under Section 2.4 of the Plan satisfies the requirements of section 1129(a)(9)(C).

19. The Plan satisfies section 1129(a)(10) of the Plan. Classes 2, 7, and 8, which are impaired under the Plan, voted to accept the Plan, as determined without including any acceptance of the Plan by any insider of the Debtors holding a Claim in such Classes.

20. The Plan satisfies section 1129(a)(11) of the Plan. Based on the reliable and credible evidence presented at the Confirmation Hearing, the Reorganized Debtors will be able to make or cause to be made, the distributions required under the Plan, and they will be able to perform their obligations under the Plan following the Confirmation Date and the Effective Date. Based, in part, on the Exit Facility to be effectuated under the Plan, there is a reasonable prospect of the Reorganized Debtors being able to meet their financial obligations under the Plan and operate their business in the ordinary course, and confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors.

21. The Plan satisfies section 1129(a)(12) of the Bankruptcy Code. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Sections 2.1 and 11.4 of the Plan.

22. The Plan satisfies section 1129(a)(13) of the Bankruptcy Code. All of the Debtors' existing programs, plans, agreements, and arrangements relating to retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, will be deemed assumed and survive confirmation of the Plan pursuant to Section 7.2 of the Plan.

23. Section 1129(a)(14) of the Bankruptcy Code is not applicable because the Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support

obligation.

24. Section 1129(a)(15) of the Bankruptcy Code is not applicable because none of the Debtors is an individual.

25. Section 1129(a)(16) of the Bankruptcy Code is not applicable because each of the Debtors is a moneyed, business, or commercial corporation.

26. Classes 10, 12, 13, 14, 15, and 16 are impaired Classes of Subordinated Claims and Interests that are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. These are the only Classes that have not accepted, or are deemed not to have accepted, the Plan. The Plan satisfies the requirements of section 1129(b) with respect to Classes 10, 12, 13, 14, 15, and 16. This Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 10, 12, 13, 14, 15, and 16. Specifically, (a) the holder of any Claim or Interest that is junior to the Subordinated Claims and Interests in Classes 10, 12, 13, 14, 15, and 16 will not receive or retain any property under the Plan on account of such Claim or Interests, and (b) the Subordinated Claims and Interests in Classes 10, 12, 13, 14, 15, and 16 have no value.

27. Section 1129(c) of the Bankruptcy Code is not applicable because the Debtors' Plan is the only reorganization plan filed in the Chapter 11 Cases.

28. The Plan satisfies section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e), and no governmental unit has requested that this Court not confirm the Plan for this reason.

29. All objections to the confirmation of the Plan filed with this Court have been withdrawn, settled or overruled. **The purported oral objection of Mark Berkowitz is rejected as untimely.**

30. The modifications of the August 12 Plan reflected in the Plan, described in Section E hereof, and/or described at the Confirmation Hearing (collectively, the "**Modifications**"), do not constitute material modifications of the August 12 Plan, will not alter the economic effect of any of the distributions provided for in the August 12 Plan, and,

accordingly, do not require a re-solicitation of votes, and hereby are approved. ~~in their entirety.~~

31.     The Debtors and the Creditors' Committee, and their agents, accountants, business consultants, representatives, attorneys, and advisors, through their participation in the negotiation and preparation of the Plan and the Disclosure Statement and their efforts to confirm the Plan, have solicited acceptances and rejections of the Plan in good faith and participated in these Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code.

32.     Section 3.1 of the Plan provides that solely for the purposes of voting, confirmation, and making distributions to the holders of Allowed General Unsecured Claims, (a) all General Unsecured Claims against the Debtors are placed in a single Class for the purpose of voting on the Plan, and (b) any General Unsecured Claims against multiple Debtors based upon one underlying obligation, including Claims based on joint and several liability, contribution, indemnity, subrogation, reimbursement, surety, guaranty, co-maker and similar concepts, shall be treated as a single Claim. The Court finds that the foregoing provision of the Plan is (a) within the jurisdiction of the Court, (b) consistent with the provisions of the Bankruptcy Code, (c) an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, and (d) appropriate under the circumstances.

33.     Article IX of the Plan contains certain release, indemnification, and exculpation provisions. The Court finds that the release, indemnification, and exculpation provisions are (a) within the jurisdiction of the Court, (b) consistent with the provisions of the Bankruptcy Code, (c) an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (d) important to the overall objectives of the Plan to finally resolve, except to the extent otherwise provided in the Plan, all claims among or against the parties in interest in the Chapter 11 Cases; and (d) appropriate under the circumstances.

34.     Upon entry of this Order, any conditions precedent to confirmation of the Plan will be satisfied. The occurrence of the Effective Date is conditioned upon the satisfaction of each of the conditions precedent set forth in Section 8.2 of the Plan.

35.     **Based on the present record,** this Court may properly retain jurisdiction over the matters set forth in Article X of the Plan.

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED THAT**:

A. The Plan, in the form attached hereto as Exhibit A, subject to the Modifications, is hereby approved and confirmed pursuant to section 1129 of the Bankruptcy Code, and all acceptances and rejections previously cast for or against the Plan are hereby deemed to constitute acceptances or rejections of the Plan as modified by this Order.

B. Each objection to confirmation of the Plan that has not been withdrawn, waived, or settled is overruled. To the extent that pleadings filed by individuals or entities constitute objections to confirmation of the Plan and have not been withdrawn, waived, or settled, they are denied. **The purported oral objection of Mark Berkowitz is rejected as untimely.**

C. On the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors' estates shall vest in the Reorganized Debtors free and clear of all Claims, liens, encumbrances, charges, and other interests, except as otherwise set forth in the Plan. The Reorganized Debtors may operate their businesses and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code, except as provided in the Plan.

D. This Order constitutes approval of this Court that under section 365 of the Bankruptcy Code and Article VII of the Plan, on the Effective Date, all executory contracts and unexpired leases that exist between the Debtors and any entity shall be deemed assumed as of the Effective Date, except for (a) any executory contract or unexpired lease that has been rejected pursuant to an order of the Court entered prior to the Confirmation Date, (b) any executory contract or unexpired lease identified in Exhibit K-2 to the Disclosure Statement, and (c) the Debtors' lease of real property located at 50 West 23rd Street, New York, New York (collectively, the "**Rejected Contracts**"). All Rejected Contracts shall be deemed rejected pursuant to section 365 of the Bankruptcy Code on the Confirmation Date.

E. The Plan is hereby modified to provide that, notwithstanding anything to the contrary in the Plan or prior Order of the Bankruptcy Court, with respect to any outstanding

letters of credit issued by Citibank, N.A. ("**Citibank**") for which any of the Debtors is the applicant (the "**Citi L/Cs**"), Citibank shall have sixty (60) days from the Effective Date to file a proof of claim against the Debtors. Any Allowed Secured Claim held by Citibank, if any, shall be Reinstated and Unimpaired. Any Allowed General Unsecured Claim held by Citibank, if any, shall be placed in Class 8. The rights, remedies and claims of John D. Howard ("**JDH**"), to the extent JDH guaranteed the Debtors' obligation under the Citi L/Cs or pledged collateral to secure the same, including any right of subrogation, shall be governed by the Plan's treatment of the Class 3 LBN Secured Claim.

F. All, releases, injunctions, and exculpations provided under the Plan, including those described in Article IX of the Plan, are hereby approved as an essential part of the Plan. Except as otherwise expressly provided in the Plan or in this Order, subject to the occurrence of the Effective Date, such releases, injunctions, and exculpations shall be, and they hereby are, effective and binding.

G. The Debtors (prior to the Effective Date) and the Reorganized Debtors (on and after the Effective Date) are hereby authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file and record any documents, Court papers and pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate, or consummate any and all of the transactions contemplated by the Plan, whether or not specifically referred to in the Plan or related documents, and without further application to this Court, including the Securities Purchase Agreement and the Amended CVI Operating Agreement. Without limitation, the Securities Purchase Agreement, including the terms and conditions of the Exit Facility, and the Amended CVI Operating Agreement, are approved, and the Reorganized Debtors are authorized to execute the Securities Purchase Agreement and the Amended CVI Operating Agreement substantially in the forms filed as Exhibits to the Disclosure Statement, as may be amended to the extent necessary to reflect the increase in the claims of JDH relating to the Citi L/Cs, and to execute all documents necessary to effectuate the transactions contemplated by such agreements, including the Exit Facility.

H. On the Effective Date, the Creditors' Committee shall be dissolved and the

members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Cases, and the retention or employment of the Creditors' Committee's attorneys, accountants and other agents shall terminate; *provided, however*, the Creditors' Committee shall continue to exist after such date solely with respect to all applications filed pursuant to Bankruptcy Code sections 330 and 331 seeking payment of fees and expenses incurred by any professional.

  I. The entry of this Order shall constitute all approvals, consents and actions required by any governmental units, applicable law, or stockholders, directors, partners, officers, employees, or representatives of the Debtors under applicable law or any documents, instruments, or agreements, to take all corporate, partnership and other actions that are specified in the Plan or this Order, or that are necessary or appropriate to perform the Plan.

  J. Pursuant to section 1146(a) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition of assets contemplated by the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use, or other similar tax.

  K. To the extent this Order or the Plan is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtors and any third party, (i) the Plan shall control the Disclosure Statement and any such agreements, and (ii) the Confirmation Order shall control the Plan.

  L. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan and this Order shall be binding upon (a) the Debtors, (b) all holders of Claims against or Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders have accepted the Plan, (c) each Person or entity acquiring property under the Plan, (d) any other party in interest, (e) any Person or entity making an appearance in these Chapter 11 Cases, and (f) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents,

representatives, attorneys, beneficiaries, or guardians of any of the foregoing.

M. This Order shall supersede any orders of the Court issued in the Chapter 11 Cases prior to the Confirmation Date to the extent that those prior orders may be inconsistent with this Order.

N. This Order shall be deemed to be a separate Order of this Court with respect to the Debtors for all purposes. The Clerk of the Court is directed to file and docket this Order in the Chapter 11 Cases.

O. ~~The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Order. Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-several and mutually dependent.~~ The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision. ~~it being the intent of the Court that the Plan be confirmed in its entirety.~~

P. The classification of Claims for purposes of the distributions to be made under the Plan is governed solely by the terms of the Plan. The classifications set forth on the ballots tendered to or returned by the holders of Claims in connection with voting on the Plan (a) were set forth thereon solely for purposes of voting on the acceptance or rejection of the Plan, (b) do not necessarily represent and in no event shall be deemed to modify or otherwise affect the actual classification of such Claims under the terms of the Plan for distribution purposes, and (c) may not be relied upon by any creditor as actually representing the actual classification of such Claims under the terms of the Plan for distribution purposes or an admission of the amount of such Claims or waiver of the right to object to such Claims.

Q. Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of this Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.

R. The entry of this Order shall constitute the Court's approval of each of the

foregoing compromises or settlements and all other compromises and settlements provided for in the Plan, and the Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, creditors, and other parties in interest, and are fair, equitable, and within the range of reasonableness.

S. Except as otherwise provided for in the Plan or this Order, as of the Effective Date, the Debtors, their Estates and the Reorganized Debtors and all of their property shall be discharged and released from any and all Claims, debts, Liens, security interest, encumbrances and Interests that arose before the Confirmation Date to the fullest extent permitted by the Bankruptcy Code.

T. The record of the Confirmation Hearing is closed. The findings of fact and conclusions of law of this Court set forth in this Order and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, and such findings of fact and conclusions of law are incorporated herein by reference as if fully set forth herein.

U. ~~Except as otherwise provided by the Court,~~ Each professional person or firm retained with approval by order of the Court and requesting compensation in these Chapter 11 Cases pursuant to section 330 of the Bankruptcy Code, **and each entity seeking compensation from the estate pursuant to §503(b)(3),(4) or (5) of the Bankruptcy Code,** is required to file an application for an allowance of final compensation and reimbursement of expenses in these Chapter 11 Cases incurred through the Confirmation Date on or before **November 7, 2011, with** ~~a date that is sixty (60) days after the Effective Date.~~ objections to any such application ~~shall be~~ filed on or before **November 18, 2011,** ~~seven (7) days prior to a~~ **with the** hearing on any such application **to be held on November 22, 2011 at 11:00 a.m.**.

V. After the Effective Date, the Reorganized Debtors shall, without the necessity for any application to or approval by the Court, pay the reasonable fees and expenses, incurred after the Effective Date and in the ordinary course of their business, of the professional persons employed by the Reorganized Debtors in connection with the implementation and consummation of the Plan, the Claims reconciliation process and any other matters as to which such

13

professionals may be engaged. Such fees and expenses shall be paid within ten (10) Business Days after submission of a detailed invoice therefor. If the Reorganized Debtors dispute the reasonableness of any invoice for its employed professional person(s), the Reorganized Debtors timely shall pay the undisputed portion of such invoice, and the Reorganized Debtors or the affected professional may submit such dispute to the Court for a determination of the reasonableness of such portion of the disputed invoice.

W. This Court shall retain jurisdiction in accordance with the terms of Article X of the Plan, the other provisions of this Order, and section 1142 of the Bankruptcy Code.

X. In accordance with Bankruptcy Rules 2002(f) and 3020(c), the Debtors, no later than ten (10) days after the Effective Date, shall give notice of the entry of the Confirmation Order and the occurrence of the Effective Date, in substantially the form of Exhibit B annexed to the Confirmation Memorandum (the "**Effective Date Notice**"), which is hereby approved, by first class mail postage prepaid, by hand or by overnight courier service to all the entities that were sent the Solicitation Package. Mailing of the Effective Date Notice in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002(f) and 3020(c), and no further notice is necessary.

Y. ~~This Confirmation Order shall constitute a final decree and Order closing each of the Chapter 11 Cases except for the case of Club Ventures Investments, LLC, Case No. 11-10981 (ALG) (the "**Lead Case**") pursuant to Bankruptcy Code section 350(a); *provided, however*, that if any party in interest files an objection to closure of Chapter 11 Cases (a "**Case Closure Objection**") no later than 4:00 p.m. (prevailing Eastern time) on the date that is seven (7) days after service of the Effective Date Notice (the "**Case Closure Objection Deadline**"), then the Debtors shall schedule a hearing before this Court regarding such Case Closure Objection. If no Case Closure Objections are received prior to the Case Closure Objection Deadline, each Chapter 11 Case, except for the Lead Case, shall be deemed closed (such cases, the "**Closed Cases**"), as of the Effective Date. All U.S. Trustee Fees due and owing for each Closed Case shall be paid on or before fourteen (14) days after the passage of the Case Closure Objection Deadline, if no Case Closure Objection is received with respect to such Closed Case.~~

~~If a Case Closure Objection is received, all U.S. Trustee Fees due and owing for such applicable Debtor shall be paid upon the entry of an order of this Court closing such Debtor's case, within the timeframe prescribed by such order.~~

Z.  After the entry of this Order, the Debtors or the Reorganized Debtors, as the case may be, may, upon order of the Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; *provided, however*, that, in the event a material modification to the Plan is proposed after the Effective Date, the Reorganized Debtors shall provide notice and an opportunity to object to all interested parties.  A Holder of a Claim that has accepted this Plan shall be deemed to have accepted this Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder.

AA.  Notwithstanding anything to the contrary herein, no notice or service of any kind will be required to be mailed or made upon any person to whom the Debtors mailed a Solicitation Package, but received such mailing returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

BB.  The provisions of this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

CC.  This Court directs that Bankruptcy Rule 3020(e) shall not apply to this Order and authorizes the Debtors to consummate the Plan immediately after entry of this Order.

Dated: September 23, 2011
       New York, New York

                                               */s/ Allan L. Gropper*
                                               United States Bankruptcy Judge