**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    NOT FOR PUBLICATION
:
In re:                                                                       :    Chapter 11
                                                                               :
CLUB VENTURES INVESTMENT LLC, et al.,     :    Case No. 11-10891 ALG
                                                                               :
Debtors.                                                                  :    Jointly administered
                                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF DECISION AND ORDER

A P P E A R A N C E S:

Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, NY 10022
(212) 907-7300
*Counsel for Debtors*

MARK BERKOWITZ
*Creditor, Pro Se*

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is the motion of reorganized debtor Club Ventures Investment LLC (the "Debtor") for an order of summary judgment expunging Claim No. 64 filed by Mark Berkowitz, the former Chief Financial Officer of the Debtor (or of a company of the same name), who has been an ardent adversary since he was discharged in July 2007. For the reasons stated below, the motion is granted only in part and otherwise denied.

1

**Background**

The following facts are taken from the parties' papers and the docket in this case. Although the Debtor and Berkowitz hotly contest innumerable facts and issues, the material facts relating to the instant motion are not in dispute.

The Debtor and certain of its affiliates filed for chapter 11 relief on March 2, 2011. Prior to that date, Berkowitz had commenced an action in the Supreme Court of the State of New York (the "State Court Action") against three named defendants: "Club Ventures Investment LLC" (the "CVI Defendant"), and two of its members, David Barton, the LLC's founder and CEO (and Berkowitz's cousin), and John Howard, the LLC's majority owner. In the State Court Action, Berkowitz alleges, *inter alia*, that he is owed compensation and distributions as a former employee and co-member of the CVI Defendant; he also alleges manifold claims of omission and commission against his former associates. Berkowitz's claims in the State Court Action survived a motion to dismiss and were apparently ready for trial at the time the chapter 11 petitions were filed, and the action was deemed stayed.

After the Debtor filed for bankruptcy, Berkowitz also filed a proof of claim against the Debtor for "wages, services, litigation," designated as Claim No. 64 ("the Berkowitz Claim"). The Berkowitz Claim asserts an unsecured claim of $10,149,531, of which $11,725 is allegedly based on priority wage and benefit claims under 11 U.S.C. § 507(a)(4). He attached his State Court complaint to his filings in the bankruptcy case. (*See* Berkowitz Decl. 2/24/12, Dkt. No. 223, at Exh. 2.)

The Debtor subsequently filed an objection to the Berkowitz Claim on two principal grounds: (1) that all parts of the claim, including the unpaid wage portion, are unsupported by the

2

Debtor's books and records; and (2) that the majority of the claim is subject to subordination under 11 U.S.C. § 510(b).[1]

Berkowitz filed his proof of claim personally but gave his address as c/o the law firm representing him in the State Court Action; otherwise Berkowitz has never provided an address to this Court. (*See* Exhibit B to Flaxer Decl. 1/24/2012, Dkt. No. 220.) The firm representing him in State Court appeared for Berkowitz on a motion for relief from the automatic stay, which was denied, but has not appeared since then, and Berkowitz has (despite this Court's frequent advice to retain counsel) purported to act *pro se*. In any event, Berkowitz appeared to oppose the Debtor's motion to expunge his claim or subordinate it (on numerous grounds), but also requested alternative relief: namely, an order permitting him to withdraw his claim against the Debtor and to prosecute his claims in the State Court Action against the CVI Defendant, which Berkowitz asserts is "a different legal person than . . . the same-named Club Ventures Investments LLC that is the Debtor in this bankruptcy proceeding." (Opp. to Debtor's Objection to Claim No. 64 ¶ 4.) Berkowitz asserts that in 2008 Barton and Howard formed a new LLC with the same name as the prior LLC; that it is the new LLC (which Berkowitz calls "Imposter CVI") that filed for bankruptcy; and that the old LLC (which he calls "Real CVI") is the defendant in the State Court Action.

In response to Berkowitz's insistence that "Real CVI" is a different entity from "Imposter CVI" (the Debtor in these proceedings), the Debtor put aside the substance of its claim objection and moved for an order of summary judgment that would grant Berkowitz's "request to

---

[1] Section 510(b) of the Bankruptcy Code provides:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

3

withdraw his claim." However, the Debtor does not seek to have this Court make a finding as to whether the CVI Defendant is the same legal entity as the Debtor; the Debtor, in fact, is silent as to these facts and does not take a position as to whether there are two entities, a so-called "Real CVI" and "Imposter CVI." It contends that Berkowitz's insistence in the State Court Action and in some of his submissions here that the Debtor ("Imposter CVI") and the CVI Defendant ("Real CVI") are different entities constitutes a "judicial admission" or a "judicial estoppel" that precludes Berkowitz from contending otherwise and allows this Court to expunge Berkowitz's claim against the Debtor without making a finding of seperateness. This contention – the real matter at issue here – is opposed by Berkowitz. Berkowitz asserts that a judicial finding that the two LLCs are different legal entities is "the *sine qua non* for the relief" he sought in his opposition papers. (Opp. to Summ. Judg. Motion 4.) Without such a finding or a stipulation by the Debtor to the same effect, Berkowitz contends, he will not consent to withdrawal of his claim against the Debtor. There have been substantial efforts to obtain agreement on Berkowitz's withdrawal of his claim against the Debtor that have proved fruitless,[2] and the only point of clear agreement between the parties is that neither wants this Court to decide the issue of identity, and both agree that the issue should be decided in the State Court Action.

## Discussion

Turning to the merits of the Debtor's motion for summary judgment, Berkowitz's position in the State Court Action and his pleadings herein do not constitute a judicial admission

---

[2] At a hearing held on December 22, 2011, Berkowitz and the Debtor both submitted proposed orders to the Court. The Court stated that it would, if the parties agreed, craft an order that would allow Berkowitz to proceed with the State Court Action and to use any judgment against the CVI Defendant for purposes of piercing the corporate veil against Barton and Howard, but not for purposes of collecting against the Debtor. Although Berkowitz appeared to agree to those general terms at the hearing, he subsequently decided that he would not consent to entry of the order unless the Debtor agreed to a judicial finding that the CVI Defendant is a separate legal entity.

4

that he has no claim against the Debtor or estop him from maintaining a claim against the Debtor.

Under the doctrine of judicial admission, a party is bound by his pleadings, and the allegations in pleadings ordinarily are conclusive as against the pleader. *See Cananwill, Inc. v. EMAR Group, Inc.*, 250 B.R. 533, 543 (M.D.N.C. 1999); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,* 757 F.2d 523, 528 (2d Cir. 1985). In addition to the judicial admission doctrine, the doctrine of judicial estoppel also operates to preclude a party from asserting contradictory factual positions in separate proceedings. *AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Indus. Inc.*, 84 F.3d 622, 628 (2d Cir. 1996). A party invoking judicial estoppel must show that (1) his adversary advanced an inconsistent factual position in a prior proceeding, and (2) that the inconsistent position was adopted by the first court in some manner. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000). The purpose of the doctrine is to preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings. *Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1038 (2d Cir. 1993).

Here, the judicial admission doctrine does not apply, even though Berkowitz styled one of his pleadings a cross-motion for an order permitting withdrawal of Claim No. 64. It is clear that Berkowitz's position was premised on a finding that the State Court Defendant and the Debtor are separate legal entities. Although Berkowitz's positions have not always been stated felicitously, for the instant purposes the Court will accept Berkowitz's representation that he is proceeding *pro se* without his State Court lawyer, and his pleadings should be liberally construed. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998) (*pro se* litigant is allowed some degree of flexibility in pleading). Liberally construed, Berkowitz's cross-motion

5

should not be taken as an admission, but as a pleading in the alternative: a concession that Berkowitz lacks a claim against the Debtor conditioned on a finding that the State Court Defendant is a different legal entity from the Debtor.  *See* Fed. R. Civ. P. 8(e)(2) (permitting a pleader who is in doubt as to which of two or more statements of fact is true to plead them alternatively or hypothetically, regardless of consistency); *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 843 (D.C. Cir. 1981) (alternative pleadings not an admission of party-opponent). Without such a finding by this Court, no admission by Berkowitz can be implied.

The doctrine of judicial estoppel is similarly inapposite because – as the Debtor acknowledges (Reply Br. at 6) – there is no evidence that the State Court has adopted Berkowitz's contention that the CVI Defendant ("Real CVI") is a separate entity from the Debtor ("Imposter CVI").  Without proving his separate entity theory in State Court, Berkowitz cannot be judicially estopped from asserting that he has a claim against the Debtor in this proceeding. *See Bates,* 997 F.2d at 1038 (denying request for judicial estoppel where prior court had not accepted adversary's prior inconsistent position).

## **<u>Conclusion</u>**

Based on the foregoing, the Debtor's instant motion for summary judgment expunging Berkowitz's claim based on theories of judicial admission and estoppel must be denied.  Since both parties agree that the State Court should determine the two entity issue, the Plan injunction against litigation of prepetition claims is modified to the extent necessary to permit the State Court Action to proceed to final judgment, but not to enforcement of that judgment against the Debtor.  If Berkowitz succeeds in the State Court Action in establishing his position that the State Court Defendant and the Debtor are separate entities, he will be bound by the result, and his proof of claim will be deemed expunged.  If for any reason the State Court does not make this

finding, the Debtor may renew its other objections to Berkowitz's claim at that time, as well as its contention that the claim should be subordinated under § 510(b) of the Bankruptcy Code. Further, if the Debtors conclude that the length of time needed to obtain a State Court determination is unfairly prejudicing other creditors by delaying a distribution to them or by requiring the instant chapter 11 cases to remain open, the Debtor may seek to advance determination of its objections and/or move to estimate Berkowitz's claim pursuant to § 502(c) of the Bankruptcy Code.

    IT IS SO ORDERED.

Dated:  New York, New York
        March 30, 2012

                              */s/ Allan L. Gropper*
                              UNITED STATES BANKRUPTCY JUDGE